UNITED STATES of America ex rel.
Hubert Allen BRADSHAW,
A–35254, Appellant,

v.

Noah L. ALLDREDGE, Warden, North-
eastern Federal Penitentiary.

No. 18867.

United States Court of Appeals,
Third Circuit.

Argued Sept. 18, 1970.

Decided Oct. 21, 1970.

Michael Sklaroff, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellant.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa. (S. John Cottone, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before BIGGS, SEITZ and GIBBONS, Circuit Judges.

OPINION OF THE COURT

BIGGS, Circuit Judge.

■ According to his petition for habeas corpus, the relator-appellant Bradshaw was convicted of a violation of 18 U.S.C. § 2422 (Sic.) (Mann Act),[1] and

1. The relator perhaps mistook Section 2422, Title 18, U.S.C., "Coercion or enticement of female" instead of Section 2421, "Transportation generally" as the pertinent section. We cannot be sure about this for the indictment is not before us. The Assistant United States Attorney refers in his brief to the pertinent section as 18 U.S.C. § 2421. According to the petition, sentence was imposed by the United States District Court for the District of Minnesota.

We have repeatedly held that statements by counsel in briefs or in court are not evidence. See e. g., note 3 cited to the text in Williams v. Murdoch, 3 Cir., 330 F.2d 745 (1964).

was sentenced in the words of the petition, on "November 14, 1966, [to a] Five-year sentence (b) 'A' number." (*Sic.*) Perhaps it might be assumed that the reference is to Section 4208(a) (2), Title 18, U.S.C.[2] but this is far from clear. The petition also alleges that on November 4, 1968 a "Violation Warrant (Parole Form H–20) was issued against the petitioner alleging that he had violated the terms of his parole in three (3) particulars therein set forth"; that a "Revocation Hearing" was held at the federal penitentiary at Lewisburg on a date not stated by the petition; that approximately one week before the hearing Mr. Prouty, a case worker, requested him to execute a printed form "providing for petitioner to waive his right to counsel at the Revocation Hearing."; that the petitioner was not informed of his rights and that "[t]he hearing resulted in an order [which read] as follows: 'Revoke and Continue with a Progress Report in January 1970'." The petitioner alleges that he asked for counsel and, on page 7, note 16 of the petition he states that he was *"Not* represented by [an] attorney at the [revocation] proceedings which are the subject of this petition." (Emphasis in original.) Bradshaw also alleges that there was an unreasonable delay in the hearing and that his parole was revoked following the hearing.

On the same day, *viz.,* December 31, 1969, that the petition was filed, and without any answering pleading, it was denied by the District Court. United States ex rel. Bradshaw v. Parker, 307 F.Supp. 451 (M.D.Pa.). The District Judge also denied Bradshaw leave to appeal *in forma pauperis,* holding that his appeal was frivolous. Notice of an appeal to this court was filed on January 14, 1970 and we ordered that the petitioner was to be allowed to perfect his appeal out of time.

On April 24, 1970 this court granted Bradshaw leave to appeal *in forma pauperis* and appointed counsel to prosecute his appeal. On June 3, 1970 the appellant's brief and appendix was filed. On June 18, 1970 appellee petitioned to augment the record and to postpone the time for filing his brief and appendix until after his petition to augment the record was disposed of. The appellant filed an opposition to this motion. The appellee's petition to augment the record was denied on July 15, 1970 but the appellee's motion for an extension of time for filing his brief and appendix was granted on the same day. Thereupon, on August 4, 1970, the appellee filed an appendix which contained three extra appendices designated, respectively, as "A", "B", and "C", and by Appendix "C" the appellee labored to bring on the record in this court material which was not before the District Court, some of which would, if it were properly before us, present substantial legal issues in view of certain decisions of this court.[3],[4] This is so because Appendix "C" contains a certificate of the Acting Parole Executive, the certificate of parole, the warrant application, and a letter from the Acting Parole Executive to Mr. Joseph N. Shore, the Parole Executive, respecting Bradshaw's alleged criminal conduct following the granting of parole to him. Also, as part of Appendix "C", but not part of the record before the District Court, is a written statement by Bradshaw in which seemingly he admits that he violated one or more of the conditions of his parole. See Appendix "C" at p. 26b of appellee's appendix, as follows: "1. I [Bradshaw] request that I be afforded a Revocation Hearing by the Board of Parole upon my return to a Federal Institution (a) HAB [Bradshaw] I admit that I violated one or more of the conditions of my release. * * * Note: Each alleged

---

2. The Assistant United States Attorney refers to this as the sentencing section in his brief.

3. See, *e. g.,* U. S. ex rel. Halprin v. Parker, 3 Cir., 418 F.2d 313, 315 (1969).

4. By his appendix the appellee has attempted to bring on the record the substance of the material with which he sought to augment the record. This course is impermissible. See also the second paragraph of note 1, *supra.*

violator is to choose only one of the three alternatives listed above, and indicate his choice by writing his *initials* at the appropriate place. Name: (s) H. Bradshaw Register No.: A–6617". (Emphasis first occurrence added.) The appellee's reply brief was filed on August 20, 1970 and the case came on for hearing as indicated above on September 18, 1970.

■ It is, of course, black letter law that a United States court of appeals may not consider material or purported evidence which was not brought upon the record in the trial court. If indeed Bradshaw was in fact sentenced under 18 U.S.C. § 4208(a), the posture of his case in this court and in the District Court might perhaps be very different than if he had been sentenced under 18 U.S.C. § 4208(b) or 4208(c). Compare Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) (deferred sentencing procedure); U. S. ex rel. Bishop v. Brierly, 288 F.Supp. 401 (E.D.Pa.1968); Eason v. Dickson, 390 F.2d 585 (9 Cir. 1968), cert. denied, 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968) (revocation of parole). The District Court based its ruling in large part on Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), cert. denied, *sub nom.* Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963), and also on our decision in *Halprin, supra,* note 3. If it be a fact that Bradshaw admitted a parole violation as set out in the words attributed to him in the preceding paragraph of this opinion, *viz.,* "1 * * * (a) HAB", it would appear there may be a substantial difference in his rights. *Halprin* might govern and that decision could be overruled, under our procedure, only by a court *en banc.* Moreover, unless a position be taken that in *any* parole hearing the parolee is entitled to counsel, a convincing showing that Bradshaw was a parole violator might well put another aspect upon his case. There are indeed *circumstances* where even in a criminal proceeding an accused may not require counsel. *A fortiori* such may well be the case in a parole proceeding.

■ Bradshaw insists that because he was not supplied with counsel at this parole-revocation hearing and had no money with which to employ counsel he was denied Sixth and Fifth Amendment rights, the rules of the Parole Board permitting well-to-do parolees to engage counsel and bring witnesses to revocation hearings. The point is a delicate one and conceivably might even be held to be of constitutional dimensions or approaching that status. Cf. the opinion of Chief Judge Murrah in Earnest v. Willingham, 406 F.2d 681 (10 Cir. 1969). The Supreme Court of the United States and the United States courts of appeals have long taken the position that cases possibly involving constitutional issues should not be decided without an adequate record. See, *e. g.,* Liverpool, N.Y. & Philadelphia S.S. Co. v. Commissioner of Emigration, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885); United States v. Chibbaro, 361 F.2d 365, 377 (3 Cir. 1966). The record certainly is inadequate here. Therefore, we have no recourse save to vacate and remand the case to the District Court for the creation of an adequate record and for the determination of the issues presented by such a record. We are informed that Bradshaw was transferred on August 4, 1970 from Lewisburg Prison to the Community Treatment Center at Chicago, Illinois, and that he is due to be released at the end of his term of imprisonment on November 8, 1970. We express no opinion as to whether his release will render his case moot. Cf. Sibron v. New York, 392 U.S. 40, 50, 88 S.Ct. 1889, 20 L.Ed.2d 917, *et seq.* (1968) and Carafas v. LaVallee, 391 U. S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). This also is an issue to be considered by the District Court on remand. We commend this case to the District Court for early disposition.

The judgment of the District Court will be vacated and the cause remanded

with directions to proceed in accordance with this opinion.

We thank Bradshaw's counsel, appointed by this court, for his able presentation of his client's cause.