STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT B. J. MULVANEY, DEFENDANT-APPELLANT.

Argued June 6, 1972—Decided July 26, 1972.

*Mr. Stephen N. Dermer* argued the cause for appellant (*Mr. Alan R. Chesler* and *Ms. Elaine H. Buck,* on the brief; *Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher,* attorneys).

*Ms. Sara A. Friedman,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

*Mr. Michael R. Perle,* Deputy Attorney General, argued the cause for *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, *amicus curiae.*

PER CURIAM. Defendant and three others were convicted of crime in a trial which lasted 65 days. Defendant was sentenced to a term of 18 months, 12 months in custody and 6 on probation. He was fined $1,000. In addition, costs in the sum of $16,750, representing one-fourth of the State's expenses allocated to the trial, were imposed as a condition for

probation.[1] The Appellate Division affirmed the judgment. *State v. Yormark,* 117 *N. J. Super.* 315 (1971). We denied defendant's petition for certification except as to the imposition of costs. 60 *N. J.* 139 (1972).

 Costs were unknown at common law. Authority to impose them must be found in statute. *State v. Walsh,* 44 *N. J. L.* 470 (Sup. Ct. 1882); annotation, 65 *A. L. R.* 2d 854, 861 (1959). In sustaining the imposition of these costs, the Appellate Division cited *N. J. S. A.* 2A:168–2 which deals with conditions of probation and authorizes a condition that the defendant:

* * * shall pay a fine or the costs of the prosecution, or both, in one or several sums.

We cannot find in that language a grant of authority to originate a liability for costs which is not authorized by another statute. It will be noted that the payment of a "fine" may also be made a condition of probation by the quoted provision. No one suggests the Legislature thereby intended to

---

[1] The trial court found the costs of prosecution in the total sum of $67,000, as follows:

| *Costs of Court*: | | |
|---|---|---|
| 65 days of trial at $500 per day | | $32,500.00 |
| Jurors (16) 65 days at $5.00 per day | | 5,200.00 |
| Food for jurors, including hotel costs | | 1,745.18 |
| *Sheriff's Officers, Overtime* | | |
| 13 Officers, 263 hours | | 1,460.64 |
| *Prosecutor's Costs*: | | |
| Transcripts: | | |
| Rizman | $17,601.00 | |
| Schweitzer | 46.00 | |
| Steno Fees | 1,490.34 | |
| Doctor Higgins | 135.00 | |
| Ordway Hilton | 6,287.20 | |
| Detective Expenses | 606.00 | |
| | 26,165.54 | 26,165.54 |
| | TOTAL | 67,071.36 |
| | ROUNDED FIGURE | $67,000.00 |

permit the imposition of a fine in excess of the amount authorized by another statute. We see no reason to take a different view of the term "costs of prosecution."

We are referred to several jurisdictions in which costs of prosecution may be imposed as a condition for probation in excess of the costs which may be imposed when probation is not a part of the sentence. In one, the statute expressly so provides, *People v. Teasdale,* 335 *Mich.* 1, 55 *N. W.* 2d 149 (Sup. Ct. 1952); in another, the result was reached on the basis of the special statutory history, *State v. Welkos,* 14 *Wis.* 2d 186, 109 *N. W.* 2d 889 (Sup. Ct. 1961); and in a third jurisdiction, the result was reached in part on the basis of *Welkos, State v. Long,* 185 *N. W.* 2d 472 (S. D. Sup. Ct. 1971).

We find no evidence that in speaking of the "costs of prosecution" or of a "fine" our Legislature meant anything other than the "costs of prosecution" and the "fine" which may be imposed upon conviction, without regard to the fact of probation. Surely we cannot say the imposition of additional costs of prosecution if probation is ordered is so evidently the sound course that the Legislature must have intended it.

The probation statute did not innovate the term "costs of prosecution." The provision relied upon below was added to the probation statute by *L.* 1907, *c.* 209, § 1, *p.* 465. The term "costs of prosecution" was in usage long before that date. See *State v. Price,* 11 *N. J. L.* 203, 218 (Sup. Ct. 1830); *Johnson v. State,* 26 *N. J. L.* 313, 320–321 (Sup. Ct. 1857), affirmed, 29 *N. J. L.* 453 (E. & A. 1861); *State v. Addy,* 43 *N. J. L.* 113, 114 (Sup. Ct. 1881). Thus section 1 of the act of February 15, 1798 directed that a copy of the sentence "together with the costs of prosecution" against the prisoner shall be delivered to the keeper of the state prison and that the prisoner be kept until the term of his confinement expired "and until the fine or fines, and costs of prosecution shall be paid." Rev. of 1821, p. 325. The term "costs of prosecution" has since been in continuous use. See sections 2, 4, and 8 of the act of May 30, 1820, found in the

Revision of 1821, pp. 729–31; Rev. of 1846, "Fees and Costs," c. 2, §§ 2 and 5, pp. 453–54; Rev. of 1877, "Criminal Procedure," §§ 96 and 103, pp. 285, 286–87. In the Criminal Procedure Act of 1898, L. 1898, c. 237, p. 866, 898–902, we find both the term "costs of conviction" and "costs of prosecution" used, § 93, p. 900; § 94, p. 900; §97, p. 901. And see *N. J. S. A.* 2A:166–7, 16, and 19 and 2A:164–15.

There is no reason to doubt that the statutes relating to confinement, to probation, and to parole (*N. J. S. A.* 30:4–123.15) in their reference to "costs" or "costs of prosecution," are speaking of the same thing, *i. e.,* the costs taxable upon conviction, without augmentation by virtue of a decision to grant probation or parole.

We appreciate that our present statute dealing with costs in criminal causes, *N. J. S. A.* 22A:3–1 to 6, is archaic.[2] See also *N. J. S. A.* 2A:166–1 to 19. But the subject rests within the jurisdiction of the Legislature.

 So much of the sentence as imposed costs under *N. J. S. A.* 2A:168–2 is vacated, and the matter is remanded to the trial court for imposition of costs pursuant to statutes authorizing costs.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For affirmance*—None.

---

[2]For example, *N. J. S. A.* 22A:3–2 provides that there shall be charged against a defendant for the services of the Attorney General or the county prosecutor the sum of $10 for every indictment to which the defendant pleads guilty; the sum of $12 for every indictment to which the defendant pleads not guilty and afterwards changes his plea to guilty; and the sum of $15 for every indictment on which the defendant is tried and convicted. The act of June 13, 1799 (Rev. of 1821, *p.* 486) provided for the same monetary charges.