482 F.2d 350
 A. Jarvis WOOD, on behalf of himself and all similarly
situated shareholders of The Granby Mining Company Limited,
and on behalf of the Granby Mining Company Limited,
Vancouver, British Columbia, Canada, on behalf of itself and
all similarly situated shareholders of Granisle Copper
Limited, Petitioner,
v.
ZAPATA CORP. et al., Respondents,
and
Honorable Daniel H. Huyett, 3rd United States District
Judge, for the Eastern District of Pennsylvania,
Nominal Respondent.
 No. 72-1694.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 30, 1972.
Decided June 29, 1973.
 
 Aaron M. Fine, Stuart H. Savett, Donald L. Weinberg, Philadelphia, Pa., for petitioner.
 David L. Grove, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for respondents Zapata Corp., William H. Flynn, James B. Harrison and Ronald C. Lassiter.
 PETITION FOR WRIT OF MANDAMUS OR WRIT OF PROHIBITION, OR BOTH
 Before BIGGS, KALODNER and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 The petitioner seeks a writ of mandamus or prohibition directing the District Court to vacate its Order of July 13, 1972,[1] under 28 U.S.C.A. Sec. 1404(a), which transferred plaintiff's action below to the United States District Court for the Southern District of Texas, Houston Division.
 
 The July 13, 1972 Order reads as follows:
 
 2
 "AND NOW, this 13th day of July, 1972, upon consideration of the motion of defendants Zapata Corp., William H. Flynn, James B. Harrison and Ronald C. Lassiter, and an informal argument held in Chambers this date attended by counsel for all parties, it is ORDERED and DECREED that this action be and hereby is, pursuant to 28 U.S.C. Sec. 1404(a), transferred to the United States District Court for the Southern District of Texas, Houston Division."
 
 
 3
 The instant petition is premised on two contentions: (1) the District Court abused permissible discretion in granting the transfer motion; and (2) petitioner was deprived of due process of law in that the District Court did not accord him "a reasonable and adequate opportunity to oppose the motion."
 
 
 4
 It must immediately be noted that the petitioner, in his brief and on oral argument here, has not adverted to the petition's contention that the District Court abused permissible discretion in granting the transfer motion. He urges only that he was denied due process in that (1) he "was deprived of an adequate opportunity to present his opposition to the transfer motion"; (2) "[t]he transfer motion was decided prematurely"; and (3) "[t]he reliance by the District Court on an untranscribed conference and the failure to promptly submit findings of fact and conclusions of law requires [sic] the vacating of the transfer order."
 
 
 5
 In light of the foregoing, the critical question presented is whether the petitioner was denied due process in the granting of the challenged transfer Order.
 
 
 6
 The instant proceeding had its genesis in a class action filed by the petitioner A. Jarvis Wood in the United States District Court for the Eastern District of Pennsylvania against the defendants Zapata Corp. ("Zapata"), Lehman Bros., Incorporated, William H. Flynn, James B. Harrison and Ronald C. Lassiter. Wood, in his Amended Complaint, alleged that the defendants violated the Securities and Exchange Act of 1934,[2] in the course of Zapata's acquisition, in August 1971, of a controlling interest in The Granby Mining Company Limited ("Granby") and Granisle Copper Limited ("Granisle"), and in continuing efforts to force the sale of the interests of minority stockholders of Granby and Granisle to a subsidiary of Zapata on grossly unfair terms, pursuant to a preexisting merger plan.
 
 
 7
 Petitioner is a citizen and resident of Brunswick, Georgia. Granby and Granisle are British Columbia, Canada, corporations, with their principal places of business in Vancouver, British Columbia.
 
 
 8
 Zapata is a Delaware corporation with its principal place of business in Houston, Texas.[3] Lehman Bros. is a Maryland corporation, with its principal place of business in New York, and offices in Houston, Texas.[4]
 
 
 9
 The individual defendants, Flynn, Harrison and Lassiter, are citizens and residents of Houston, Texas. Flynn is chairman of the Board of Directors of Zapata and its chief executive officer; Harrison and Lassiter are respectively president and executive vice-president of Zapata.
 
 
 10
 Petitioner filed his action in the District Court on March 27, 1972. He filed an Amended Complaint on April 4, 1972 By Stipulation of the parties, filed April 26, 1972, the time for filing an Answer to the Amended Complaint was extended to May 16, 1972.
 
 
 11
 On May 16, 1972, Zapata and the individual defendants filed two motions-one for a change of venue and the other for a stay of proceedings.
 
 
 12
 The change of venue motion moved "for an order, pursuant to 28 U.S.C. Sec. 1404(a), transferring this action to the United States District Court for the Southern District of Texas, Houston Division, on the ground that such transfer would be for the convenience of the parties and witnesses and in the interest of justice." Two affidavits and a Memorandum were filed in support of the change of venue motion.
 
 
 13
 The stay motion moved "for an order staying all proceedings in this action pending shareholder action on the proposed amalgamation of Zapata Canada Limited, The Granby Mining Company Limited and Granisle Copper Limited, and the conclusion of proceedings relating to said proposed amalgamation before the Supreme Court of British Columbia, Canada. . . ."
 
 
 14
 On May 30, 1972, Lehman Bros. filed a motion for stay of proceedings similar in content to the Zapata stay motion.
 
 
 15
 On June 1, 1972, Zapata and the individual defendants filed a motion for an order "barring all parties and their counsel from communicating with members of the proposed class in the above action" without prior approval of the Court.
 
 
 16
 Petitioner filed a Memorandum in opposition to the June 1, 1972 motion to bar communications with members of the proposed class.
 
 
 17
 He did not, however, file of record any opposition or notice of opposition to the Zapata change of venue and stay motions of May 16, 1972,[5] albeit he advised District Judge Huyett by letter dated May 18, 1972 that "[p]laintiffs oppose the granting of either of these motions" and "therefore request the opportunity to fully brief and argue these motions." The letter further stated that "certain pretrial discovery information which is material to the issues being raised by these motions should be supplied by the defendants before the briefing and arguing of these motions," and that "[w]e are now in the process of preparing such discovery material addressed to the various defendants which we propose to submit to the Court within a few days, together with a motion for stay of hearing of these defense motions pending defendants' completion of this requested discovery." (emphasis supplied).
 
 
 18
 It must immediately be noted that petitioner never submitted to the Court any "discovery material" relating to the change of venue and stay motions, nor did he ever file a motion to stay the hearing of the two motions, prior to their disposition by Judge Huyett on July 13, 1972.
 
 
 19
 On May 25, 1972, petitioner wrote a letter to Judge Huyett suggesting he schedule a conference with counsel "to resolve the certain procedural questions which have already arisen, and to set a general timetable and framework within which this case may be litigated." Among the "procedural questions" outlined in the letter were that the defendants had not filed answers to the Amended Complaint, and that "defendants totally disregarded Local Rule 36" in filing the change of venue and stay motions.
 
 
 20
 On May 26, 1972, Zapata's counsel wrote to Judge Huyett indicating willingness to attend the conference suggested by petitioner. The letter took occasion to dispute the "procedural questions" outlined by petitioner in his May 25, 1972 letter to Judge Huyett.
 
 
 21
 On June 1, 1972, Zapata's counsel wrote to petitioner's counsel stating: "We believe there is no reason why, if plaintiffs intend to oppose either or both of our motions plaintiffs cannot promptly file memoranda in opposition thereto," and "[i]n short, we wish to move toward a hearing on our motions at the earliest possible moment."
 
 
 22
 On June 7, 1972, petitioner again wrote to Judge Huyett renewing his request for a conference.
 
 
 23
 On June 14, 1972, Judge Huyett wrote a letter to all counsel for the parties in which he said in critical part:
 
 
 24
 "A conference will be held in Chambers on Thursday, July 13, 1972 at 11:30 A.M. and all pending matters will be considered." (emphasis supplied).
 
 
 25
 The docket of the District Court discloses that on the date of Judge Huyett's letter advising that "all pending matters will be considered" at the scheduled July 13, 1972 conference, there were pending only the following motions:
 
 
 26
 (1) the change of venue motion of Zapata and the individual defendants;
 
 
 27
 (2) the stay motion of Zapata and the individual defendants;
 
 
 28
 (3) the stay motion of Lehman Bros.;
 
 
 29
 (4) the motion of Zapata and the individual defendants to bar all communications between counsel for all the parties and members of the proposed class, without prior approval of the District Court.
 
 
 30
 The conference took place in Judge Huyett's chambers as scheduled on July 13, 1972. Later that day Judge Huyett entered separate orders granting the change of venue motion, and denying without prejudice the two stay motions and the motion to bar communications.
 
 
 31
 Petitioner, in his mandamus petition, claims he was denied due process of law because "[i]n deciding the venue motion under the procedure which was followed, Judge Huyett deprived plaintiff of a reasonable and adequate opportunity to oppose the motion."He prefaces that claim with these allegations at page 5 of his petition:
 
 
 32
 "At various points in the course of that conference, plaintiff's counsel reiterated the need for the scheduling and taking of discovery on the venue motion. However, actual argument on the motion was never scheduled, nor did plaintiff's counsel believe that the untranscribed conference in chambers was to serve in lieu of a formal or informal hearing, oral argument and written opposition to the venue motion. Plaintiff's counsel advised the Court of their intention to file the discovery papers thought necessary and an amended and supplemental complaint. At no time in the conference were plaintiff's counsel asked to respond to the legal arguments or authorities advanced by defendants in their venue motion and memorandum. Nor did plaintiff believe that an informal scheduling conference was the appropriate occasion to argue the merits of the defendants' motion."
 
 
 33
 The brief, and Answer to the mandamus petition, of Zapata and the individual defendants, sharply dispute petitioner's contention that "[i]n deciding the venue motion under the procedure which was followed, Judge Huyett deprived plaintiff of a reasonable and adequate opportunity to oppose the motion."
 
 
 34
 In their brief, they say that "Judge Huyett . . . at the July 13 conference, gave petitioner's counsel the opportunity to state orally petitioner's position on the transfer motion," and that, during the conference, "counsel were explicitly asked by Judge Huyett to and did argue their client's positions on the transfer motion." (emphasis supplied).
 
 
 35
 In their Answer to the mandamus petition, they say with respect to the July 13, 1972 conference:
 
 
 36
 "At the July 13 conference Judge Huyett quite explicitly asked for and heard counsel's arguments concerning the pending transfer motion (which had been filed and served 57 days previously). (emphasis supplied).
 
 
 37
 "At no time during the conference did petitioner's counsel assert that the transfer and stay motions were not before Judge Huyett for determination.
 
 
 38
 "Petitioner's counsel first argued that counsel for Zapata and the individual respondents had failed to comply with the 5 day notice provision of Local Rule 36 of the U.S. District Court for the Eastern District of Pennsylvania. Judge Huyett responded that petitioner had had 57 days to respond to the transfer motion.
 
 
 39
 "Petitioner's counsel, particularly Mr. Ash, then made many factual representations by which they sought to convince Judge Huyett that the Southern District of Texas would not be a convenient forum for this action." (emphasis supplied).
 
 
 40
 What has been said brings us to petitioner's claim that he "was deprived of an adequate opportunity to present his opposition to the transfer motion," in disregard of Swindell-Dressler Corporation v. Dumbauld, 308 F.2d 267 (3 Cir. 1962).
 
 
 41
 In Swindell-Dressler, supra, the trial judge transferred an action pursuant to 28 U.S.C.A. Sec. 1404(a) in the absence of any motion to transfer, and without notice to the parties or affording them an opportunity to be heard as to the transfer. On these facts, we held that the defendant in the transferred action had been denied due process and was accordingly entitled to mandamus relief.
 
 
 42
 We recently construed Swindell-Dressler as holding "that the party opposing transfer was, at a minimum, entitled to notice and an opportunity to be heard, and a failure to afford such an opportunity will be remedied by mandamus." Solomon v. Continental American Life Insurance Company, 472 F.2d 1043, 1045 (3 Cir. 1973). In doing so we said:
 
 
 43
 "Swindell-Dressler does not hold that we will control the exercise of the district court's discretion by mandamus. It holds only that when the district court had acted without following appropriate procedural safeguards, we will by the writ confine it in exercising that discretion to the narrow path of due process." Id.
 
 
 44
 On review of the record in the District Court proceedings we are of the view that there is no merit to petitioner's contentions that he "was deprived of an adequate opportunity to present his opposition to the transfer motion," and that "the transfer motion was decided prematurely."
 
 
 45
 We base our view solely on these undisputed facts as established by the record in the District Court proceedings:
 
 
 46
 The motion for change of venue, accompanied by two supporting affidavits, was filed on May 16, 1972 and served on petitioner's counsel the same day. On May 18, 1972, petitioner's counsel wrote to Judge Huyett stating that petitioner opposed the granting of the transfer motion and that he would "within a few days," submit a motion to stay the transfer motion, along with "discovery material addressed to the various defendants."
 
 
 47
 Petitioner never submitted to Judge Huyett a motion to stay the transfer motion. Nor did he submit to him "discovery material."
 
 
 48
 Further, petitioner never filed opposition of record to the transfer motion during the 57-day interval between its filing and service on May 16, 1972, and July 13, 1972, when the transfer order was entered.
 
 
 49
 On June 14, 1972, Judge Huyett, following receipt of letters from petitioner and Zapata relating to a conference, earlier here adverted to, wrote letters to all counsel in which he stated:
 
 
 50
 "A conference will be held in Chambers on Thursday, July 13, 1972 at 11:30 A.M. and all pending matters will be considered." (emphasis supplied).
 
 
 51
 As earlier here stated, the District Court's docket discloses that on the date of Judge Huyett's letter, the only "pending" matters were the May 16, 1972 transfer motion; two motions to stay proceedings until disposition of a pending shareholder action in a Canadian court; and a motion to bar communication by the parties with stockholders.
 
 
 52
 Judge Huyett's letter thus clearly alerted the parties to the fact that the "pending" transfer motion, inter alia, was to "be considered" at the July 13, 1972 conference. It dispositively negates petitioner's contention, in paragraph 5 of his mandamus petition, that "actual argument on the transfer motion was never scheduled."
 
 
 53
 The fact that petitioner, in his letters to Judge Huyett, had proposed that "certain procedural questions be considered at the conference," including a discovery schedule, cannot, and does not, obscure the critical fact that Judge Huyett's notice of the scheduled conference made it clear that the "pending" transfer motion would be considered at that conference.
 
 
 54
 In light of these undisputed facts there is no basis for petitioner's claim that he was unaware that the transfer motion was to be considered at the July 13 conference.
 
 
 55
 As to petitioner's claims that (1) he did not argue the merits or legalities of the transfer motion at the conference; and (2) he was there deprived of an adequate opportunity to express his opposition to the motion, this must be said:
 
 
 56
 Petitioner, at page 13 of his brief, concedes that "the generalities of the transfer motion were being discussed at the conference." (emphasis supplied).
 
 
 57
 Analysis of petitioner's mandamus petition, and brief, reveals that he did not anywhere therein make a definitive statement that he had not registered opposition to the transfer motion or argued its merits, at the July 13, 1972 conference.
 
 
 58
 Petitioner, in his motion for reconsideration of the July 13, 1972 transfer Order, made no claim that he had been deprived of an opportunity to express his opposition to the transfer motion at the conference.
 
 
 59
 Finally, and most significantly, the July 13, 1972 Order transferring petitioner's action, set forth earlier in this Opinion, definitively states that it was entered "upon consideration of the motion of defendants . . ., and an informal argument held in Chambers this date attended by counsel for all parties . . . ." (emphasis supplied).
 
 
 60
 It must be noted that in evaluating the merits of petitioner's due process claim, we have not taken into account Zapata's contention, in its Answer to the mandamus petition and in its brief, that at the July 13, 1972 conference petitioner's counsel did in fact argue the merits of the transfer motion.
 
 
 61
 What has been said brings us to petitioner's contentions that "[t]he reliance by the District Court on an untranscribed conference and the failure to promptly submit findings of fact and conclusions of law requires [sic] the vacating of the transfer order."
 
 
 62
 Implicit in these claims are the unwarranted assumptions that (1) any and all conferences and informal arguments relative to a change of venue motion must be reported and transcribed by a court stenographer; and (2) a district court is required to make findings of fact and state conclusions of law in making disposition of a transfer motion.
 
 
 63
 Petitioner has not cited any procedural rule, or decisional authority, in support of his assumptions, and none exists.
 
 
 64
 Section 753(b), 28 U.S.C.A.,[6] mandates reporting of all civil proceedings "had in open court," "unless the parties with the approval of the judge shall agree specifically to the contrary." It also specifies that in proceedings other than those in "open court," reporting must take place, if directed by the court, or required by rule, "or as may be requested by any party to the proceeding."
 
 
 65
 Petitioner does not contend that he requested that the July 13, 1972 conference in Judge Huyett's chambers be reported.[7]
 
 
 66
 Second, as to petitioner's "findings of fact and conclusions of law" contention:
 
 
 67
 Rule 52(a), Fed.R.Civ.P., provides in relevant part:
 
 
 68
 "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 and 56 or any other motion except as provided in Rule 41(b)." (emphasis supplied).
 
 
 69
 The mooted transfer motion here is in the category of "any other motion," and, accordingly, it was "unnecessary" for Judge Huyett to make findings of fact or to state conclusions of law in entering his July 13, 1972 transfer Order, under Rule 52(a).
 
 
 70
 Standing alone Rule 52(a) is dispositive of petitioner's contention respecting rendition of findings of fact and conclusions of law.
 
 
 71
 While we have suggested to the district courts "that it would be helpful to us if each transfer order set forth the factors upon which the court relied in deciding the motion,"[8] we have not imposed the imperative of rendition of findings of facts and conclusions of law in transfer cases.
 
 
 72
 It may be noted, parenthetically, that petitioner, in his motion for reconsideration of the July 13, 1972 transfer Order, did not ask the Court to amplify the reason for its Order.
 
 
 73
 The cases cited by petitioner in support of his contention as to the rendition of findings of fact and conclusions of law are inapposite. None of them involved action on a transfer order.
 
 
 74
 We must advert briefly to petitioner's contention that the transfer Order "was decided prematurely" because "[d]espite plaintiff's oft-stated need for and intent to file discovery, the District Court refused to establish a schedule for discovery and proceeded to deprive plaintiff of his opportunity to conduct discovery following such refusal by immediately granting the motion."
 
 
 75
 The Achilles' heel of that contention is that there is no procedural rule or decisional authority requiring a district court to permit discovery in connection with a transfer motion or to postpone disposition of the transfer until completion of discovery proceedings. Cases cited by petitioner in support of his contention are inapposite inasmuch as they do not involve a transfer motion.
 
 
 76
 It must be noted on the score of petitioner's contention that the District Court acted "prematurely" in granting the transfer motion, that the motion was filed on May 16, 1972, and that petitioner in the 57 days which elapsed between that date and the entry of the transfer Order on July 13, 1972, did not proceed with discovery, although his counsel had advised Judge Huyett on May 18, 1972, that he would proceed with discovery "within a few days."
 
 
 77
 This, too, must be said.
 
 
 78
 As earlier herein noted, petitioner in his brief, and oral argument, has not challenged the merits of the transfer Order.
 
 
 79
 Since he did so in his mandamus petition, it is only necessary to say that in consonance with Solomon, supra, and All States Freight, Inc. v. Modarelli, 196 F. 2d 1010 (3 Cir. 1952), we find no basis for issuance of a mandamus writ.[9]
 
 
 80
 For the reasons stated, the Petition for Writ of Mandamus or Writ of Prohibition, or Both, will be denied.
 
 
 81
 ADAMS, Circuit Judge (concurring).
 
 
 82
 I concur with the result reached by Judge Kalodner denying the petition for a writ of mandamus or prohibition.
 
 
 83
 The dissent points out that the trial judge here, in ordering transfer of the underlying action, made such order after an untranscribed "informal argument held in Chambers" and did so without making findings of fact or conclusions of law in support of said order. Like the dissent, I find each of these omissions troubling.
 
 
 84
 In matters of the importance of a motion to transfer, I think it would be most salutary if a hearing were held. Nevertheless, local Rule 36 of the United States District Court for the Eastern District of Pennsylvania does not require that hearings be held on motions. However, if a hearing or conference is held, I respectfully suggest that such proceedings be transcribed. Only from a written record can the fairness of a hearing or conference be reviewed. Only from a written record can an appellate court be fully apprised of all the factors which entered into the district court's decision.
 
 
 85
 Concededly, Rule 52(a) of the Federal Rules of Civil Procedure makes unnecessary findings of fact and conclusions of law on decisions of motions. See Solomon v. Continental American Life Insurance Co., 472 F.2d 1043, 1048 (3d Cir. 1973). Nevertheless, this Court has recently stated, "it would he helpful to us if each transfer order set forth the factors upon which the court relied in deciding the motion." id. Indeed, such statement is, at times, quite important to effective appellate review.
 
 
 86
 However, I do not believe, at least at this time, that the trial judge's failure to have the proceeding transcribed or to make appropriate findings meets the restrictive test necessary to justify this Court's issuance of a writ of mandamus or prohibition. See Interpace Corporation v. City of Philadelphia, 438 F.2d 401 (3d Cir. 1971). Accordingly, I concur in the denial of the petition.
 
 
 87
 BIGGS, Circuit Judge (dissenting).
 
 
 88
 Meaningful review requires that the reviewing tribunal must be able to review a decision of a trial court or of an agency to determine its correctness and if necessary control the course of the litigation whether by appeal or by use of a writ under the All Writs statute, 28 U. S.C. Sec. 1651. In the case at bar this court cannot fulfill that reviewing function for there was no court reporter present in the trial judge's chambers to record what either may or may not have been an adequate hearing on respondents' Section 1404(a) motion. The petitioners insist that they did not receive adequate notice or hearing and were taken by surprise by the course of the proceedings. The respondents insist there was adequate notice and hearing. We are left with conflicting statements of counsel which cannot be reconciled and, in any event, are not part of the record and therefore cannot serve as a basis for adjudication. United States ex rel. Bradshaw v. Alldredge, 432 F.2d 1248, n. 1, 2d para. (3 Cir. 1970). Moreover, the trial court made no findings of fact or conclusions of law, wrote no opinion, and entered a transfer order in the bare terms of Section 1404(a).
 
 
 89
 We would all agree that whether or not a transfer should be made depends upon the balance of convenience. Wyndham Associates v. Bintliff, 398 F.2d 614 (2 Cir. 1968), cert. denied, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); Brown v. Woodring, 174 F. Supp. 640 (M.D.Pa.1959). A determination of that balance rests within the sound discretion of the trial judge, and he alone must make the decision required by Section 1404(a). We may not perform that duty for him, although we must set aside any such decision which constitutes a clear abuse of discretion (Rapp v. Van Dusen, 350 F.2d 806 (3 Cir. 1965); Golconda Mining Corp. v. Herlands, 365 F.2d 856 (2 Cir. 1966)), or is constitutionally deficient.
 
 
 90
 In the case at bar, local Rule 36 of the United States District Court for the Eastern District of Pennsylvania purportedly authorized the district court judge to decline to hear oral argument on respondents' Section 1404(a) motion. Nonetheless a hearing was afforded and certainly that hearing was required to be a fair one-one in which the petitioners had an opportunity to make proper argument and to present their case. Furthermore, the fact that the decision to transfer the case may be justified on the merits does not obviate the requirement of a fair hearing. We are entitled to know what was before the district judge at that hearing and the factors which may have brought him to his decision to transfer in order that his exercise of discretion and the constitutionality of the procedure may be properly reviewed.
 
 
 91
 I believe the absence of a court reporter has rendered it impossible for this court to determine the fairness of the hearing, for in my view the record fails to reveal facts from which such a determination can be made. In the exercise of our supervisory powers we should require the district court to grant the petitioners' motion for reconsideration, to hold a hearing and to have a court reporter present taking notes of the proceedings. Specifically, under circumstances such as those at bar, the presence of a court reporter should be required by the trial judge.
 
 
 92
 I assume, of course, that if this court were to hold as I have indicated, the issuance of a writ would be unnecessary and the district judge would comply promptly with our suggestions.
 
 
 93
 For the reasons stated, I must respectfully dissent.
 
 
 
 [1]
 Petitioner also seeks vacation of the District Court's Order of July 26, 1972 which denied reconsideration of the Court's July 13, 1972 Order
 
 
 [2]
 15 U.S.C.A. Sec. 78a et seq
 
 
 [3]
 Affidavits submitted to the District Court in support of the transfer motion alleged that Zapata neither transacts, nor is it qualified to transact, business in Pennsylvania
 
 
 [4]
 Lehman Bros. did not join the other defendants in the transfer motion below, and it has not filed an Answer to the instant petition
 
 
 [5]
 Petitioner never filed of record any opposition to Lehman Bros.' stay motion
 
 
 [6]
 Section 753(b), 28 U.S.C.A., provides in relevant part:
 "(b) One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of the court or by one of the judges, and shall record verbatim by shorthand or by mechanical means which may be augmented [sic] by electronic sound recording subject to regulations promulgated by the Judicial Conference: (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court or as may be requested by any party to the proceeding. The Judicial Conference shall prescribe the types of electronic sound recording means which may be used by the reporters."
 
 
 [7]
 Cf. United States v. Jenkins, 442 F.2d 429 (5 Cir. 1971). There, the Court, in rejecting a contention, in a criminal case, that trial error had been committed when a conference in chambers was not reported said (p. 438):
 "There was no request that it be reported and the statute, 28 U.S.C.A. Sec. 753 (b), requires only that proceedings in open court be reported. We hold that the charge conference in chambers was not in open court and thus the claimed error is without merit."
 
 
 [8]
 Solomon v. Continental American Life Insurance Company, 472 F.2d 1043, 1048 (3 Cir. 1973)
 
 
 [9]
 See, too: Swindell-Dressler Corporation v. Dumbauld, 308 F.2d 267, 272 (3 Cir. 1962); United States v. Wright, 282 F.2d 428 (3 Cir. 1960) (rehearing denied); Mutual Life Insurance Co. of New York v. Ginsburg, 228 F.2d 881, 882 (3 Cir.), cert. denied and leave to file mandamus denied sub nom. Ginsburg v. Gregg, 351 U.S. 979, 76 S.Ct. 1050, 100 L.Ed. 1495 (1956); cf. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953)