**UNITED STATES of America ex rel. Robert B. J. MULVANEY**

v.

**John RUSH, Warden of the Essex County Penitentiary, Appellant.**

**No. 73–1088.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 14, 1973.

Decided Nov. 5, 1973.

As Amended Dec. 6, 1973.

of gross deficiencies in the record. We might be justified, we believe, in dismissing Rush's appeal for want of a proper record but we are not certain on which party the default falls.[1] We will refrain from dismissing the appeal because of our view that the record can be repaired to a point where the district court and this court can adjudicate justly the issues presented and because comity should be preserved insofar as possible between the New Jersey State Courts and the Courts of the United States. Cf. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Rogers v. Richmond, 252 F.2d 807 (3 Cir.), cert. denied, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361 (1958). Some light is thrown on the instant case by the decisions of the New Jersey Courts as follows: State v. Mulvaney, 117 N.J.Super. 315, 284 A.2d 549 (App.Div.1971), certif. den., 60 N.J. 139, 286 A.2d 512,[2] cert. denied, 407 U.S. 925, 92 S.Ct. 2459, 32 L.Ed.2d 812 (1972).

Mulvaney was tried on two indictments, No. 2314–68 and No. 1196–69. In the former indictment No. 2314–68, Mulvaney was charged with six counts of substantive offenses and conspiracies to obtain money under false pretenses from the Maryland Casualty Company in the period from September 15, 1966 to February 16, 1968, and in this indictment there were named as alleged co-conspirators Perwin, Cortese and others. Mulvaney pleaded not guilty and was eventually acquitted on all counts.

R. Benjamin Cohen, Asst. Prosecutor, Newark, N. J., for appellant.

Matthew P. Boylan, Lowenstein, Sandler, Brochin, Kohl & Fisher, Newark, N. J., for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

 This case presents an insurmountable puzzle to this court because

1. On the 25th of July, 1972 Judge Coolahan of the United States District Court for the District of New Jersey ordered the respondent "John Rush file an answer to said petition on or before September 1, 1972, accompanied by a certified copy of all process pleadings, transcripts and orders filed in the state proceedings or such of them as may be material to the question raised in the petition."

The following appears from the affidavit of Assistant Essex County Prosecutor R. Benjamin Cohen: "6. Due in part to the cumbersome size of the State trial transcripts in this matter and due in part to error, Appellant, John Rush, did not include said trial transcripts with the answer to the petition. It was assumed at that time that this Court

would request said transcript or portions thereof if the Court felt that the issues raised in the petition were of any merit."

This is all that appears in respect to this matter in the entire record insofar as we can ascertain.

The reference to an "answer" may or may not be correct, *i. e.*, there may have been an answer filed or there may not have been but in any event it is not in the record in this court.

2. The Supreme Court of New Jersey granted certification only on the issue of the assessment of trial costs and on that issue it reversed the trial court's assessment of trial costs of $16,750.00. State v. Mulvaney, 61 N.J. 202, 293 A.2d 668 (1972).

In the latter indictment, No. 1196–69, Mulvaney was again charged with conspiring to obtain money under false pretences from the same corporation in the period from August 1, 1967 to February 1, 1968. Mulvaney was convicted after a jury trial. Direct appeal having resulted in affirmance, State v. Mulvaney, *supra,* Mulvaney brought action for habeas corpus alleging, *inter alia,* that trial on the second indictment subjected him to double jeopardy.

In his Report and Recommendation on the petition for habeas corpus Magistrate John W. Devine stated, under the heading "I *"Double Jeopardy"*: "Petitioner and Perwin were first charged in Essex County Indictment 2314–68 with conspiring to obtain money under false pretenses from Maryland, Count II, and to cheat and defraud that company, Counts IV and VI, N.J.S.A. 2A:98–1, and in three Counts, I, III and V, with related substantive offenses. N.J.S.A. 2A:111–1. The three conspiracies were alleged to have existed at various overlapping times from September 15, 1966 to February 16, 1968. Petitioner and his co-defendants were acquitted of those charges on January 28, 1970.

"Petitioner, Perwin, Yormark and Brizard were all charged in Essex County Indictment 1196–69, as were Morelli and Albrizio, with conspiring to obtain money under false pretenses from Maryland from August 1, 1967 to February 1, 1968, a period encompassed by that aggregated in Indictment 2314–68. Trial began on September 14, 1970. On January 18, 1971, the jury returned a verdict of guilty as to all defendants.

"Petitioner contends that trial on Indictment 1196–69 subjected him to double jeopardy in violation of the Fifth Amendment because the conspiratorial period alleged was chronologically within those set out in Indictment 2314–68 on which he had been acquitted and because on the proofs presented there was only one conspiracy. Petitioner further complains that testimony as to the allegedly

false claims involved in Indictment 2314–68 was introduced at his second trial despite his prior acquittal. This argument, collateral estoppel, is reviewed below. We now consider the double jeopardy claim."

The learned Magistrate deemed that there was but one conspiracy and therefore Mulvaney was put in double jeopardy. Judge Whipple reviewed the Magistrate's report and affirmed it. Judge Whipple granted a writ of habeas corpus on the same grounds as advanced by Magistrate Devine. Neither the Magistrate nor Judge Whipple passed upon the issues of collateral estoppel or of jury tampering. In view of their decision, to decide these issues was unnecessary.[3]

It is conceded by the parties that the transcripts of the trials at Indictments 1196–69 and 2314–68 were not before Magistrate Devine or Judge Whipple. Various attempts have been made to remedy this deficiency subsequent to Judge Whipple's decision both by motion in the District Court and by an undated stipulation presented on April 10, 1973 to the Clerk of the United States District Court and apparently referring to the instant case because of its docket number, *viz.,* "Docket No. 73–1088 (Circuit Court of Appeals)." This stipulation states: "It is hereby agreed to and stipulated between the parties that the record in this matter be supplemented for the purpose of appeal to include: The following portions of the petitioner's trial in Essex County Court, Law Division, on Indictment No. 1196–69— Pages: * * *." The pages enumerated total 346 which were not before the district court and do not aid us. We believe that the trial transcripts consist of at least 10,000 pages and embrace trials not only of Mulvaney but of others.

On the record before us and on the record which apparently was before the district court, neither the district court nor this court can adjudicate two issues presented by the petition for ha-

3. The defendant Mulvaney has served the custodial portion of his sentence but the probationary period has been stayed pending this appeal.

beas corpus; *i. e.*, whether Mulvaney was subjected to double jeopardy and whether or not there is collateral estoppel. We are aware of the provisions of Rule 10 (e) of the Rules of Appellate Procedure, permitting the supplementing of the record on appeal and we are aware of the contents of the letter written to our Clerk under date of September 17, 1973 by R. Benjamin Cohen, Esquire, Chief of the Appellate Division of the Office of the County Prosecutor of Essex County, in which Mr. Cohen states: "At the oral argument on this motion in the District Court, the Honorable Lawrence A. Whipple, U.S.D.J., suggested that the parties enter into and file a stipulation to supplement the record on appeal with such materials as both parties should agree upon. The stipulation contained in the appendix at pages 46A to 47A was subsequently entered into."[4] Rule 10(e) is apparently intended to "supplement" a record, not to supply in substance a large new record never before the District Court and never considered by it.[5] We are not a fact-finding body. We are entitled to have the judgment of the district court both as to findings of fact and conclusions of law in a case such as that at bar.

■ The District Court, however, appears to have based its decision, at least in part, on evidence which was not placed before it by way of the state trial transcript, stipulation, or any other judicially cognizable source. Bare representations by counsel, not stipulated to, are not evidence. Bradshaw v. Alldredge, 432 F.2d 1248 (3 Cir. 1970); United States v. Bowles, 331 F.2d 742, 746 n. 11 (3 Cir. 1964). It was inappropriate to find error in a presumptively valid state court proceeding by this procedure.

The judgment will be reversed and the case remanded with directions to proceed in accordance with this opinion.[6]

---

4. This colloquy is not reproduced in the record.

5. The purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what happened in the District Court. 9 J. Moore, Federal Practice ¶¶ 210.08[1], 210.09, at 1638–49, 1654 (2d ed. 1973); *see, e. g.*, United States ex rel. Kellogg v. McBee, 452 F.2d 134 (7 Cir. 1971); Gill v. Turner, 443 F.2d 1064 (10 Cir. 1971); United States ex rel. Bradshaw v. Alldredge, 432 F.2d 1248 (3 Cir. 1970).

6. In reply to a letter of our Clerk requesting information which need not be repeated here, a letter dated October 9, 1973 was received by the Clerk of this Court and is as follows:

October 9, 1973

Thomas F. Quinn, Clerk
United States Court of Appeals
For the Third Circuit
2046 U.S. Court House
Ninth & Chestnut Streets
Philadelphia, Pennsylvania 19107
　　Re: U.S.A. ex rel. Mulvaney v.
　　　　Rush No. 73–1088
Dear Sir:
　This letter is written in response to your letter of October 4, 1973 in which several questions were posed. For your convenience I shall set forth your questions and answer each one individually.

(1) Were the records, including the transcripts of the testimony of the trials of Dr. Mulvaney on Indictment Nos. 1196–69 and 2314–68 offered in evidence in the District Court in the instant case?
(A) The transcripts of the testimony of the trials of Dr. Mulvaney were not offered in evidence in the District Court in the instant case. The "records" before the District Court are enumerated in footnote 3 to Magistrate Devine's Report and Recommendation.
(2) If they were not so offered, why were they not so offered?
(A) The transcripts of the two trials were not offered in evidence due to an oversight by the assistant prosecutor who was assigned to handle this matter at the District Court level.
(3) If they were offered in evidence why were they not received in evidence and made a part of the record in the District Court in the instant case?
(A) Not applicable.
(4) In Judge Whipple's memorandum opinion and order adopting the report of Magistrate John W. Devine, granting the writ of habeas corpus the following appears: "This Court has conducted an independent review, in compliance with Townsend v. Sain, 372 U.S. 293 [83 S.Ct. 745, 9 L.Ed.2d 770] (1963), and 28 U.S.C. § 636(b)(3) of the petition for the writ, the answer of the respondent (see item (7), infra), the trial transcript (sic), the indictment (sic) and the report and recommendation of the United

States Magistrate which is filed with this Order; and upon consideration of the foregoing,

"It is on this 27th day of November, 1972 "ORDERED that the Report and Recommendation of the United States Magistrate be and hereby is adopted as the opinion of this Court; . . . ." (Emphasis added).

Were or were not the records and the transcripts of the testimony of the trial of Dr. Mulvaney on indictments 1196–69 and 2314–68 in the record before Judge Whipple as evidence in the instant case? Were either of them before Judge Whipple? Were both or either of them before Magistrate Devine?

(A) The transcripts of the testimony of the trials of Dr. Mulvaney on Indictment 1196–69 and 2314–68 were not in the record before Judge Whipple as evidence in the instant case. These transcripts were not "before" either Judge Whipple or Magistrate Devine. The exhibits which were before Judge Whipple and Magistrate Devine are those set forth in footnote 3 to Magistrate Devine's Report and Recommendation and included, among other things, the brief in support of the petition, the brief in opposition to the petition, and the relevant indictments.

(5) If they were before Judge Whipple, what is the purpose of the motion "received" in the District Court on September 19, 1973 in which "Appellant (Rush) prays that the record be supplemented to include:

"(a) the transcript of the petitioner's trial in Essex County Court, Law Division on Indictment No. 1196–69; (and)

"(b) the transcript of the petitioner's trial in Essex County Court, Law Division on Indictment No. 2314–68."? It is noted that Judge Whipple's order granting habeas corpus was filed November 29, 1972, more than a year prior to the filing of the motion referred to.

(A) Since the transcripts of the trials were not before Judge Whipple, this question is not applicable. It should be noted, however, that the notice of motion for leave to supplement the record on appeal was filed on January 10, 1973. On February 27, 1973 a hearing was had on this motion before Judge Whipple and at that time he suggested the stipulation, which stipulation was filed on April 10, 1973.

(6) On page 23a of the Appendix, in the report of Magistrate Devine, appears the following: "Indeed, on the record at hand, *which does not include the trial transcript of more than 10,000 pages,* there is no indication that petitioner and/or Perwin ever reached any accord with Yormark and/or Perwin . . . ." (Emphasis added). Is the foregoing respecting the trial transcript a correct statement?

(A) The foregoing respecting the trial transcript is a correct statement in that the record before Magistrate Devine did not include the trial transcript of more than 10,000 pages.

(7) Judge Whipple's order makes reference that he acted upon "the answer of respondent". See item (4), *supra*. We find no answer in the record. Was an answer ever filed? If there was an answer, a copy should be dispatched to the Clerk of the District Court and a copy to the Clerk of this Court.

(A) No pleading entitled "Answer" was filed in the District Court. However, Appellant Rush did serve and submit a brief in opposition to the petition for habeas corpus wherein he denied the allegations set forth in the petition. See footnote 3 to Magistrate Devine's report and recommendation. A copy of this brief is enclosed herewith and a copy has been sent to the Clerk of the District Court.

Respectfully yours,
Joseph P. Lordi
Essex County Prosecutor
/s/ R. Benjamin Cohen
R. Benjamin Cohen
Chief, Appellate Section

rbc/rd
Enclosure
cc Matthew P. Boylan, Esq.

The appellant has sent to this court an extraordinary number of documents. There is, for example, a statement of procedural history, which may be correct in all respects and runs to some 111 pages including testimony as to alleged jury tampering, rejected by the Superior Court of New Jersey in State v. Yormark, *supra*. There are also a number of exhibits which include Yormark's brief in the Superior Court on the jury-tampering issue, marked Exhibit P–5 at Indictment 1261–72, the opinion of the trial court on the jury-tampering issue, marked P–6 with the same indictment number, a supplemental brief by the then Assistant Prosecutor in opposition to a motion for a new trial in the New Jersey State Court which consists of some 60 pages, an exhibit marked R–3, which is the indictment at No. 1261–72, which does not name Mulvaney as a defendant, and so forth.

Perhaps the appellant is of the view that statements in briefs are evidence and the record may be supplemented in this way. As stated above, statement by counsel, unless stipulated to, are not evidence and cannot be considered as such. See, Bradshaw v. Alldredge, 432 F.2d 1248 (3 Cir. 1970); United States v. Bowles, 331 F.2d 742, 746, n. 11 (3 Cir. 1964).