767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN BOYER, PLAINTIFF-APPELLANT.
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1600
 United States Court of Appeals, Sixth Circuit.
 6/14/85
 
 1
 W.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and SPIEGEL, District Judge.*
 
 
 3
 This matter is before the Court on appellant's motion to supplement the record, or to remand the case to the Secretary for consideration of the additional evidence. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the parties' briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Appellant applied for Social Security disability benefits on April 15, 1980, claiming that lower back problems had prevented him from working since 1977. The denial of his claim was upheld by the Administrative Law Judge, who determined that appellant suffered from chronic, relatively mild degenerative disc disease, but that the pain suffered was not so severe as to preclude him from engaging in light work activity. The Appeals Council affirmed the decision of the Administrative Law Judge and appellant then filed a complaint in the district court seeking to set aside the decision of the Secretary. In its decision of September 9, 1982, the district court determined that there was substantial evidence within the meaning of Section 205(g) of the Social Security Act to support the decision of the Administrative Law Judge.
 
 
 5
 Pursuant to Rule 60(b), Federal Rules of Civil Procedure, appellant moved the district court for reconsideration of the decision dismissing his complaint. The district court denied the relief sought by the motion on June 4, 1984, and it is from that order that appellant prosecutes this appeal. Appellant seeks, by his motions, to supplement the record or to remand the case to the Secretary for consideration of additional evidence.
 
 
 6
 Appellant's motions to supplement or to remand are based on a letter dated October 28, 1982, and a 'report' dated December 23, 1983, prepared by a counselor at Michigan Rehabilitation Services. The documents were tendered to the district court with an accompanying letter from appellant requesting that the documents be filed on November 9, 1982, nine weeks after the district court's decision in favor of appellee and six weeks after appellant filed his motion to reconsider that decision. Appellant maintains that consideration of these documents, which were not considered by the district court in its decision denying appellant's motion to reconsider, could change the decision of the Secretary.
 
 
 7
 Rule 16(a), Federal Rules of Appellate Procedure, provides that, in cases heard by an administrative agency, the record shall consist of the order sought to be reviewed, the findings on which it is based and the pleadings, evidence and proceedings before the agency. Appellant relies on Rule 16(b), Federal Rules of Appellate Procedure, to support his motion to supplement the record. That rule provides that if anything material is omitted from the record on appeal, the parties may stipulate or the court may order that the omission be corrected. The materials appellant seeks to include in the record by his motion are clearly not omissions from the record since they were not part of the 'pleadings, evidence and proceedings before the agency.' The significance of Rule 16(b) lies mainly in the area of inadvertant errors and omissions in the transcript, 9 Moore's Federal Practice, p216.03, n.2 (2nd ed. 1985), and has no application to the situation herein.
 
 
 8
 Likewise, Rule 10(e), Federal Rules of Appellate Procedure, cannot be used to add to the record on appeal material not before the district court. 9 Moore's Federal Practice, supra, p210.08(1). The material appellant seeks to include in the record were not before the district court; the letter and report were not filed until two months after final judgment was entered. The district court may not use its power to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment. United States ex rel. Mulvaney v. Rush, 487 F.2d 684 (3rd Cir. 1973). Thus, the district court could not include in the record the material appellant sought and seeks to admit, nor could it consider the material in making its decision.
 
 
 9
 In the alternative, appellant asks this Court to remand the case to the Secretary for consideration of the additional materials. This Court may remand a case to the Secretary only when the 'claimant shows that (1) new material evidence is available and (2) good cause is shown for failure to incorporate such evidence into the prior proceeding.' Willis v. Secretary of Health and Human Services, 727 F.2d 551 (6th Cir. 1984); 42 U.S.C. Sec. 405(g). Here appellant presented a report and letter from the Michigan Rehabilitation Services that show nothing other than the appellant has been a client of Michigan Rehabilitation Services since 1979 and that, in the opinion of the counselor, the appellant is neither trainable nor employable. Assuming that the letter and report constitute new material evidence within the meaning of 42 U.S.C. Sec. 405(g), appellant makes no showing of good cause for failure to include the material in the proceedings before the agency other than a mere assertion that the material was heretofore unavailable. Such an assertion does not constitute 'good cause' within the meaning of Willis, supra.
 
 
 10
 Having disposed of appellant's motions, we now turn to the merits of the appeal. Since appellant's appeal is from the district court order denying his motion made pursuant to Rule 60(b), Federal Rules of Civil Procedure, this Court's review is limited to determining whether the district court abused its discretion in denying the motion. Windsor v. United States Department of Justice, 740 F.2d 6, 7 (6th Cir. 1984); Peake v. First National Bank and Trust Company of Marquette, 717 F.2d 1016, 1020 (6th Cir. 1983). An appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review and the merits of that judgment may not be considered.
 
 
 11
 Appellant's 'motion of reconsideration' purportedly made pursuant to Rule 60(b), Federal Rules of Civil Procedure, is based on the contention that a newly discovered case, not considered by the district court, Garland v. Secretary of Health and Human Services, 528 F.Supp. 415 (E.D. Mich. 1981), mandated reversal of the opinion of the district court. Appellant's reliance on this case is misplaced. Garland stands for the propostion that '[A]n ALJ's lay opinion based solely on his own observations that a claimant does not exhibit outward signs of pain is not sufficient to rebut uncontroverted testimony and medical evidence of disabling pain.' Id. at 416 (emphasis added).
 
 
 12
 In the order denying appellant's motion for reconsideration, the district court specifically noted that it was aware of Garland and the proposition for which the case stands. It further concluded that the case was inapplicable to appellant's case because the Administrative Law Judge's opinion 'reflects a decision based on an analysis of the medical evidence already contained in the record.' There is no abuse of discretion in the district court's refusal to apply the Garland case since it is inapplicable.
 
 
 13
 Appellant also asserts that the district court erred in its decision of September 9, 1982, because it did not find that the appellant suffered a mental disability as defined by 20 C.F.R. 404.1526.
 
 
 14
 A cursory reading of the district court's order of September 9, 1982 reveals that the court did consider the listing of disabilities. It is not disputed that the district court did not discuss the specific guidelines contained in the listing of disabilities, but failure to do so does not constitute an abuse of discretion requiring a reversal of the district court's opinion.
 
 
 15
 For the foregoing reasons, it is ORDERED that appellant's motions to supplement the record or to remand the case to the Secretary to consider new evidence be denied. It is further ORDERED that the opinion and order of the district court of June 5, 1984, is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation