## NATIONAL FARMERS' ORGANIZATION, INC., Petitioner,

**v.**

## The Hon. John W. OLIVER, United States District Judge for the Western District of Missouri, Respondent.

### No. 76–1034.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1976.

Decided March 2, 1976.

Rehearing and Rehearing En Banc Denied April 1, 1976.

Worth Rowley, Richard A. Green, Aaron B. Kahn, and Katherine Boland, Rowley & Scott, Washington, D. C., for petitioner.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

National Farmers' Organization (NFO) petitions this court for a writ of mandamus or prohibition pursuant to 28 U.S.C. § 1651(a). The petition arises out of antitrust litigation presently pending in the United States District Court for the Western District of Missouri before The Honorable John W. Oliver, styled *Alexander, et al. v. National Farmers' Organization, Inc., et al. v. Associated Milk Producers, Inc., et al. v. Beatrice Foods Co., et al.,* D.C.Mo., 405 F.Supp. 118. Petitioner, a defendant in the above-styled case, seeks an order prohibiting Judge Oliver from conducting future off-the-record proceedings in *Alexander,* when NFO requests that such proceedings be formally recorded.

The facts giving rise to this petition are as follows. Since the inception of this litigation in 1971, voluminous pretrial proceedings have taken place, some of which have been conducted off the record. In June, 1973, NFO filed a motion requesting that all future proceedings be formally recorded by an official reporter. Apparently, that motion has never been formally ruled upon; however, Judge Oliver has, at times, orally evinced some opposition to such a procedure. Since the filing of the aforesaid motion, the practice of holding off-the-record proceedings has continued.

In December, 1975, Judge Oliver instituted a series of "countdown conferences" in order to expedite the increasingly complex pretrial proceedings. At the first of these meetings, convened on December 23, 1975, Judge Oliver stated that an on-the-record/off-the-record procedure would be followed, whereby pending motions would be discussed off the record, following which the Judge would go back on the record to dispose of the matter. A short order would then be prepared summarizing the matters disposed of at the conference.

Following the discussion concerning procedures, Judge Oliver signalled his intention to go off the record to discuss certain pending motions, at which time NFO objected to going off the record. Judge Oliver proceeded to go off the record over petitioner's objection, and a number of matters were dealt with in accordance with the procedures set forth above.

On January 12, 1976, NFO filed the instant petition in this court to compel Judge Oliver to hold future proceedings on the record when NFO so requests. Petitioner alleges prejudice in that it is being denied an opportunity to make a full record; it is alleged that certain matters were discussed and disposed of at the December 23 conference which are not reflected in the record thereof. While NFO points to instances of past prejudice, it seeks only prospective relief from this court.

■■■ We note at the outset that mandamus will not lie to review every conceivable district court error; only exceptional circumstances justify such extraordinary relief. *See Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Pfizer v. Lord,* 522 F.2d 612 (8th Cir. 1975). We find, however, that the instant case presents circumstances warranting review of the district court's refusal to record certain proceedings by way of mandamus. Review by mandamus is appropriate where a court's prospective appellate jurisdiction might otherwise be thwarted. *See Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); *IBM v. Edelstein,* 526 F.2d 37 (2d Cir. 1975). Here, were petitioner denied an opportunity to make a complete

record on certain matters, review of those matters on an ensuing appeal would be foreclosed since the court of appeals' inquiry is limited to matters in the record. Moreover, it is doubtful that any error in holding off-the-record proceedings could be effectively corrected on direct appeal following the termination of the district court litigation. *See IBM v. Edelstein, supra.* Accordingly, we hold that the issue raised in NFO's petition is properly reviewable in a mandamus proceeding.

Turning, then, to the merits of NFO's petition, petitioner has the burden of showing that it is clearly and indisputably entitled to relief. *Will v. United States, supra; Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953); *United States ex rel. Roger McQueen v. Wangelin,* 527 F.2d 579 (8th Cir. 1975); *Pfizer v. Lord, supra.*

■ In support of its contention that it has a clear right to have proceedings formally recorded, upon request, petitioner relies on 28 U.S.C. § 753(b), which provides in pertinent part:

> One of the reporters appointed for each such court * * * shall record verbatim * * * (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) *such other proceedings* as a judge of the court may direct or as may be required by rule or order of the court or *as may be requested by any party to the proceedings.* * * * (Emphasis added.)

On the basis of subsection (3) of the statute, we agree that a party is entitled to a record upon request.

■ The primary argument advanced in opposition to NFO's petition is that the extraordinary relief sought is unwarranted in that it is premature. It is argued that Judge Oliver has not held any proceedings off the record over the objection of any party, and there is no reason to believe that he will do so in the future.

In view of the history of this litigation recounted above, respondents' contentions with respect to prematurity are untenable. The record clearly shows that on December 23, 1975, Judge Oliver conducted off-the-record proceedings over NFO's objection. Moreover, Judge Oliver's statements concerning the procedures he intends to follow justify the conclusion that he will continue to do so in the future.

Respondents further contend that the procedure whereby the judge summarizes for the record the off-the-record proceedings, and affords all parties an opportunity to supplement his rendition, satisfies the parties' right to a record. This procedure, however, does not comport with the statutory requirement that proceedings, upon request, be recorded verbatim.

We grant NFO's petition for a writ of mandamus, and order that Judge Oliver hold no further off-the-record proceedings in this case which any party requests be recorded.

WEBSTER, Circuit Judge, dissenting.

I respectfully dissent. The purpose of pre-trial conferences, as expressed in Fed.R.Civ.P. 16, is to simplify the issues, develop uncontested facts which can be entered on the record without unnecessary proof, limit the number of expert witnesses, and generally to reach agreement on other matters which may aid in the disposition of the action.

As I understand Judge Oliver's procedure, he would direct that preliminary discussions be off the record and that conclusions reached be summarized on the record, with all parties accorded an opportunity to supplement the record if the summarization did not appear to be accurate and complete. This procedure has much to commend it and I believe it is used with minor variants by judges throughout the United States. Anyone who has engaged in such conferences is aware of the elaborate fencing and extensive palaver which often precedes even the most minor concession. The District Judge knows that such discussions are at best tentative until the

agreement itself is reached. It seems to me that it is well within the District Judge's discretion in the supervision of such conferences to exclude from the record such negotiations, which doubtless would be of little probative value since the ultimate determinations are entered upon the record. The parties may record their differences, if any, at that time. Such a record should certainly be adequate for purposes of appellate review.

"[T]he best way to insure an effective pretrial conference system is to keep appellate interference to a minimum." 6 C. Wright & A. Miller, Federal Practice and Procedure § 1526, at 599 (1971). *See Ely v. Reading Co.,* 424 F.2d 758, 763 (3d Cir. 1970); *Syracuse Broadcasting Corp. v. Newhouse,* 295 F.2d 269, 274 (2d Cir. 1961); *Padovani v. Bruchhausen,* 293 F.2d 546, 547 (2d Cir. 1961).

I do not think that the Court Reporter Act, 28 U.S.C. § 753, mandates that each word of the conference be reported if any party so requests. The Act was passed for the purpose of placing reporters on a regular and fixed annual salary in lieu of piecework compensation and, as a quid pro quo, the reporters' duties were elaborated in the statute. *See United States v. Sams,* 219 F.Supp. 164 (W.D.Pa.1963), *aff'd in part and vacated in part on other grounds,* 340 F.2d 1014 (3d Cir.), *cert. denied,* 380 U.S. 974, 85 S.Ct. 1336, 14 L.Ed.2d 270 (1965); Annot. 12 A.L.R.Fed. 584, 587 (1972). I do not read into the word "proceedings" an absolute mandate to record every requested word. Indeed, many stipulations would not be possible if the parties were compelled to make their tentative arguments and inquiries a matter of record from which they dare not recede. Each stipulation is in a sense a "compromise" of an issue, and compromise discussions are traditionally outside the record. *See* Fed.R.Evid. 408.

I doubt that unsworn discussions of parties are "proceedings" in any event. Even so, any formal requirement of a record is met by Judge Oliver's summary and an opportunity given to counsel to supplement. The burden of showing prejudice has not been met. The long arm of mandamus should reach into the conference room only to redress a manifest abuse of power; none has been shown here.