729 F.2d 953
 34 Fair Empl.Prac.Cas. 737,
33 Empl. Prac. Dec. P 34,248
CITY OF PITTSBURGH, Petitioner,
v.
The Honorable Paul A. SIMMONS, United States District Judge
for the Western District of Pennsylvania, Respondent.
 No. 84-3081.
 United States Court of Appeals,
Third Circuit.
 Submitted March 9, 1984.
Decided March 22, 1984.
 
 Kareen MacRae Smith, EEOC Appellate Services Div., Washington, D.C., for respondent.
 Marvin A. Fein, Deputy City Sol., Ronald Pferderhirt, Asst. City Sol., D.R. Pellegrini, City Sol., Pittsburgh, Pa., for petitioner.
 Before GIBBONS, HUNTER and GARTH, Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge.
 
 
 1
 This case arises in the context of an action brought by the Equal Employment Opportunity Commission ["EEOC"] against the City of Pittsburgh (at No. 83-2712) in which EEOC has claimed that the City has discriminated against firemen and policemen because of their age. EEOC contends that the City of Pittsburgh ordinance, which requires that policemen and firemen retire at the age of 65, violated the Age Discrimination in Employment Act. A good part of the pre-trial proceedings was conducted off-the-record. As a result of certain off-the-record exchanges between United States District Court Judge Simmons and Mr. Fein, attorney for the City of Pittsburgh, the City moved to have Judge Simmons recuse himself.
 
 
 2
 Underlying the City's Motion to Recuse, denied by the district court and then brought here in the form of a mandamus petition, were at least two circumstances. First, the City alleged that the district court judge had pre-judged the ADEA issue in favor of EEOC. In this connection, the City alleged that Judge Simmons had stated that the City's position could not prevail and that certain expert testimony to be offered by the City in support of its "bona fide occupational qualification" defense would not be admitted before the jury. Second, the City alleged that the district court judge had conducted a large part of the proceedings off-the-record despite requests by Mr. Fein to have the proceedings recorded. Both EEOC and Judge Simmons answered the City's petition. Because the thrust of the City's petition for mandamus is that Judge Simmons had ruled against recusal, we hold that mandamus will not lie. A refusal to recuse is reviewable only after final judgment. Green v. Murphy, 259 F.2d 591, 594 (3d Cir.1958) (en banc).[1] See also Robinson v. Largent, 419 F.2d 1327, 1327 (3d Cir.1970).
 
 
 3
 However, we have deep concern with one of the matters underlying the City's mandamus petition. The petition for writ of mandamus filed by Mr. Fein, Deputy City Solicitor, states, among other things, that after having been asked to place certain statements made by the district court judge on the record, Judge Simmons had refused to do so. The petition goes on to state that instead of preserving these matters in the record, the district court threatened to hold Mr. Fein in contempt because Fein asked to have the statements placed on the record. The petition alleges in pertinent part:The conference [of January 4, 1984] lasted from 10:15 A.M. to 12:30 P.M. and from 2:15 P.M. to 3:45 P.M. At the request of Judge Simmons the entire morning session and most of the afternoon session was off the record. Mr. Fein asked at one time that the session be placed on the record, but Judge Simmons refused to do so.
 
 
 4
 Petition for Writ of Mandamus or Prohibition, p 6.[2]
 
 
 5
 At the meeting on January 4, 1984 there was a discussion as to what the City's experts would testify. Judge Simmons stated that based on his own personal knowledge the City's experts were wrong and he would not let them testify. Judge Simmons then made various statements concerning expert witnesses in which he called them "charletons".
 
 
 6
 Judge Simmons also stated at that meeting that he did not believe expert testimony was necessary and that he would instruct the jury on how to decide the case. When asked to place these statements on the record Judge Simmons refused to do so, but instead threatened to hold Mr. Fein in contempt for asking to place the statements on the record. Judge Simmons later recanted to some extent and did place some of his statements on the record.... When placing these prior statements on the record, Judge Simmons resisted the efforts of Mr. Fein to get all the prior statements on the record.
 
 
 7
 Petition for Writ of Prohibition or Mandamus, p 7.
 
 
 8
 We recognize that many times conferences and settlement discussions are held dehors the record, and as has been pointed out by members of the bar and the bench, this practice may have a salutary effect on disposing of issues and indeed the case itself without the need for ultimate trial. Nevertheless, when counsel desires to go on the record, we can find no reason for a judge to decline to do so. This is particularly true where, as here, no objection from other parties is registered. This practice would allow, among other things, counsel to request the judge to repeat what the judge had said while off-the-record.
 
 
 9
 The record taken by a certified court reporter is always the best evidence of what has been said, what actions have been taken, and what rulings have been made. "Meaningful review requires that the reviewing tribunal must be able to review a decision of a trial court ... to determine its correctness and if necessary control the course of the litigation whether by appeal or by use of a writ ...." Wood v. Zapata Corp., 482 F.2d 350, 358 (3d Cir.1973) (Biggs, J., dissenting). Without a record of the proceedings "[w]e are left with conflicting statements of counsel which cannot be reconciled and, in any event, are not part of the record and therefore cannot serve as a basis for adjudication." Id.
 
 
 10
 One Court of Appeals has held that a writ of mandamus will lie where a party's request for proceedings to be conducted on-the-record is denied. The Eighth Circuit decision in National Farmers' Organization, Inc. v. Oliver, 530 F.2d 815 (8th Cir.1976), depended upon the statutory mandate of 28 U.S.C. Sec. 753(b)(3). While the members of that panel were not unanimous in their interpretation of that statute, nonetheless National Farmers' Organization announced the law in this respect for the Eighth Circuit. It is worthy of note that our own court adopted the reasoning and principle of "verbatim reporting," albeit in dictum, in Wood v. Zapata Corp., 482 F.2d 350, 356 (3d Cir.1973). Thus, both decisional precedent and statutory direction require verbatim transcription of proceedings when requested by any party. To deny record availability to counsel is to deny protection to both counsel and the court itself. Indeed, the best protection for the litigants, the bar, and the bench at trial and on appeal is a verbatim record. Rather than having to speculate upon what was said and the manner in which an argument was made, the court then has before it, when a record is taken, the exact words of counsel and the exact words and rulings of the court. Thus, there is no need for characterization in affidavits or for reconstruction at a later date of what the parties or court thought each said or meant or what each intended.
 
 
 11
 In our opinion, it is always a mistake--and indeed, in light of 28 U.S.C. Sec. 753[3] and the cases interpreting that statute, it is legal error--for the court to refuse a request that the proceedings be recorded. In this case, that error was even more unfortunate because of the charges and counter-charges that have resulted from the failure to make a verbatim record of the proceedings. As a result, Mr. Fein and Judge Simmons were remitted to calling upon the recollections of third parties such as the Pittsburgh Post Gazette as to some of the statements made by each respecting the issue of experts' testimony.
 
 
 12
 More than any other aspect of this petition, the failure of the district court judge to grant the request for a record of proceedings in this routine civil proceeding disturbs us. While we agree, as previously indicated, that mandamus will not lie in the present instance (where a judge's recusal has been sought), we nonetheless record our perturbation at the actions of the district court judge which denied so fundamental a protection to a litigant. Indeed, had the mandamus petition sought not the recusal of a judge, but rather a writ directing a verbatim transcription of the proceedings, as was sought in National Farmers' Organization, supra, we might well have voted to issue the writ.
 
 
 13
 Fortunately, the problem which surfaced here has now been recognized and remedied. On February 21, 1984, Local Rule 37 of the Local Rules of the Western District of Pennsylvania was promulgated. That rule provides:
 
 
 14
 Each session of court and any other proceeding designated by order of court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other approved method designed to produce a verbatim recording.
 
 
 15
 In addition, if an attorney or party indicates a desire that a verbatim recording be made of any other proceeding or matter before any member of this court, formal or informal, including, but not limited to, status and in-chambers conferences, the court shall provide for the verbatim recording of all such proceedings or matters.
 
 
 16
 If an attorney or party first indicates a desire for a verbatim recording after a proceeding or matter has commenced, the court immediately shall suspend the proceeding until provision is made for the verbatim recording of such proceeding or matter, which thereafter shall be recorded verbatim. [Emphasis added]
 
 
 17
 Accordingly, with Local Rule 37 now in place, it would appear that we need not concern ourselves further about the future conduct of this or other litigation where requests for "on the record" proceedings are made. We assume that Judge Simmons, even though he has not approved the Rule, will nevertheless adhere to this Rule which nine of the ten judges of the Western District have approved and that the court has therefore adopted. See United States v. Ferretti, 635 F.2d 1089, 1093 (3d Cir.1980) ("[O]nce a court announces a policy or rule of procedure, until such rule is effectively repealed, the court cannot ignore its own rule or procedure, else litigants who have relied upon it may be led astray.").
 
 
 18
 Because we are persuaded that the district court judge will now adhere to the requirement that all future proceedings be recorded as provided in Rule 37--not only because of the precedents that exist, but because of Local Rule 37, and his statement appended to that Rule, which indicates future compliance with dictates of law,[4]--we are satisfied that the concerns which we have expressed in this opinion will now be fully accommodated.
 
 The petition for mandamus will be denied.[5]
 
 
 [1]
 Judge Hastie, in his concurrence in Green v. Murphy, went on to say, however,
 [t]his does not mean that the trial judge cannot or should not in all of the circumstances of this case, including the understandable indignation and irritation disclosed by his opinion on the question of disqualification, consider whether, however free of bias he may feel, the also important appearance of complete impartiality in the administration of justice would not best be maintained by his stepping aside. Judges from time to time elect not to try cases, which they are sure they can try fairly and objectively, because of their concern to avoid any substantial doubt which circumstances beyond their control may create in the public mind about the impartiality of their administration of justice in the matters at hand. But this consideration must be left to the discretion and sensitive perception of each trial judge in the circumstances of each case.
 259 F.2d at 595-96.
 
 
 [2]
 In his Answer and Response to the Petition Judge Simmons "categorically denied that Mr. Fein asked at one time that the session be plced [sic] on the record, but Judge Simmons refused to do so, and to the contrary, within several minutes after Mr. Fein's request, this Court went on the record."
 
 
 [3]
 Section 753(b) of Title 28 says:
 Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subjected to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge. The regulations promulgated pursuant to the preceding sentence shall prescribe the types of electronic sound recording or other means which may be used. Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court as may be requested by any party to the proceeding. [Emphasis added]
 
 
 [4]
 "The undersigned Judge [Paul A. Simmons] declines to participate in the promulgation and approval of the foregoing Local Rule 37, and will be bound thereby only to the extent that this Rule is in accord with the law of the land, both expressed and implied, and only as long as the said Rule is not inconsistent with the inherent power of this Judge to control the course of the proceedings in his Court Room." In re Local Rule 37 (Statement of Judge Simmons dated February 23, 1984)
 
 
 [5]
 On February 14, 1984, the City moved for a stay of future proceedings pending the determination of the petition for mandamus. In light of our disposition denying the City's petition, the stay is hereby denied