956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin M. MARIN, Plaintiff-Appellant,
v.
Gale A. NORTON, Attorney General of the State of Colorado;
Colorado Board of Law Examiners, Defendants-Appellees.
 No. 91-1338.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The appellant, Melvin M. Marin, filed suit in the United States District Court for the District of Colorado, alleging that the Colorado bar application process is unconstitutional because it requires applicants to waive their First Amendment rights before their applications will be considered. Appellant's Opening Brief at 1. Although the case is still pending and no final order has been entered, the appellant seeks to appeal a number of rulings that the district court has made in that case. We dismiss for lack of jurisdiction because the rulings appealed are nonappealable interlocutory decisions under 28 U.S.C. §§ 1291 and 1292 and no exceptions apply.[1]
 
 
 3
 First, Marin appeals certain discovery orders. The district court granted the appellees' motion for protective orders, thereby staying discovery and prohibiting Marin from deposing certain Colorado Attorneys General, and denied Marin's motion to compel discovery. These orders are nonappealable. See Graham v. Gray, 827 F.2d 679, 681 (10th Cir.1987) ("Pretrial discovery orders are ordinarily not appealable as final orders under 28 U.S.C. § 1291."); Appeal of Licht & Semonoff, 796 F.2d 564, 568 (1st Cir.1986) ("The law is substantially settled that neither a party nor a nonparty to litigation may bring an immediate appeal of a discovery order.").
 
 
 4
 Second, Marin appeals the district court's denial of his motions for Rule 11 sanctions. This denial is nonappealable. "We have held that generally parties and attorneys sanctioned during litigation 'must bear the burden of sanctions to the conclusion of the case and appeal on the merits of a fully adjudicated case.' " Dodd Ins. Services v. Royal Ins. Co. of America, 935 F.2d 1152, 1154 n. 1 (10th Cir.1991) (citing D & H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1446 (10th Cir.1984)).
 
 
 5
 Third, Marin appeals the district court's award of costs to the appellees under Federal Rule of Civil Procedure 37. In Ohio v. Arthur Andersen & Co., 570 F.2d 1370 (10th Cir.1977), cert. denied, 439 U.S. 833 (1978), we held that an order imposing preclusionary and monetary sanctions for noncompliance with discovery orders under Rule 37 was final and appealable under Cohen. In D & H Marketers, Inc., 744 F.2d at 1446, however, we limited Ohio to its facts: a sanction order that if complied with may put the sanctioned party in violation of foreign law and that may result in irreparable harm. See G.J.B. & Assocs., Inc. v. Singleton, 913 F.2d 824, 828-29 n. 5 (10th Cir.1990). These circumstances do not exist in the case at bar. Accordingly, we follow the general rule that "orders imposing sanctions under Rule 37 are interlocutory and may not be appealed until entry of final judgment." United States v. Westinghouse Elec. Corp., 648 F.2d 642, 651 (9th Cir.1981).
 
 
 6
 Finally, Marin appeals the court's denial of his motion to recuse Judge Nottingham. A district court's denial of a motion to recuse is not appealable until final judgment is entered. City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir.1984); In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 961 (5th Cir.), cert. denied, 449 U.S. 888 (1980); United States v. State of Washington, 573 F.2d 1121, 1122 (9th Cir.1978).
 
 
 7
 For the reasons stated above, this appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Accordingly, we deny the appellant's motion to consolidate. However, we grant the appellant's motion for waiver of rules requiring multiple submissions of briefs