BLD-067                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3424
_____

UNITED STATES OF AMERICA

v.

MICKEY ALLEN WEICKSEL,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cr-00495)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Dismissal for Lack of Jurisdiction and Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2012
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 11, 2013)
_____

OPINION
_____

PER CURIAM

Mickey Allen Weicksel appeals from an order denying his motion for recusal and

for release on bail.  For the reasons that follow, we will dismiss the appeal to the extent it

concerns the recusal motion, and deny the appeal to the extent it seeks review of his

motion for release on bail.

After a jury trial, Weicksel was found guilty of wire fraud, bank fraud, and a money laundering conspiracy. He was sentenced to a total of 168 months in prison. The judgment was affirmed on appeal. In March 2011, Weicksel mistakenly filed a motion pursuant to 28 U.S.C. § 2255 in our Court. We transferred the motion to the District Court. He was given leave to file an amended § 2255 motion, and the Government filed a response. Soon thereafter, Weicksel filed a motion asking District Judge Surrick to recuse himself, and asking that he be released on bail pending disposition of the § 2255 motion. Judge Surrick denied both motions, and Weicksel appealed.

The order denying Weicksel's recusal motion is not appealable at this time, and this Court lacks appellate jurisdiction to review that portion of the order. It is neither a final order under 28 U.S.C. § 1291 nor an immediately appealable interlocutory order certified by the District Court under 28 U.S.C. § 1292(b). An order denying a recusal motion is reviewable after final judgment is entered in the case. See City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984) (citing Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc)).

Under certain circumstances, a litigant may seek this Court's mandamus review of the denial of a recusal request. While a recusal motion pursuant to 28 U.S.C. § 144 is not reviewable until after final judgment, see In re School Asbestos Litigation, 977 F.2d 764, 775 (3d Cir. 1992) (citing Green, 259 F.2d at 594), mandamus may be appropriate to review a denial of a disqualification motion made under 28 U.S.C. § 455. See id. at 777-78. Here, Weicksel has not filed a mandamus petition, but we have the discretion to treat

his notice of appeal as a mandamus petition.  See Nascone v. Spudnuts, Inc., 735 F.2d 763, 773 (3d Cir. 1984).  However, the allegations in Weicksel's recusal motion, along with the allegations in his motions filed in our Court, do not question the District Judge's impartiality in his case as much as they convey his discontent regarding the manner in which his criminal proceedings have been handled.  Although he contends in his filings that the District Judge is "biased," and "prejudiced," and "partial," the allegations are based on the District Judge's unfavorable and/or allegedly incorrect rulings.  See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977) (motion under § 2255 ordinarily presented to judge who presided at original conviction and sentencing of prisoner).  Even if the Court were to exercise mandamus jurisdiction to review the order appealed, Weicksel would not be entitled to relief.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

A court's order denying bail pending disposition of a habeas petition (in this case, Weicksel's § 2255 motion), is "plainly appealable as a collateral order."  Landano v. Rafferty, 970 F.2d 1230, 1237 (citing United States v. Smith, 835 F.2d 1048, 1058 (3d Cir. 1987)).  But bail pending disposition of habeas corpus review is available "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success . . . or exceptional circumstances exist which make a grant of bail necessary to make the habeas remedy effective."  Landano, 970 F.2d at 1239.  Weicksel sought release in order to "collect the evidence proving" that his trial attorney was

ineffective. He did not make a showing of high probability of success or exceptional circumstances, and thus bail was not warranted.

For the foregoing reasons, Weicksel's appeal will be dismissed in part and denied in part.[1]

---

[1] We have reviewed the motions Weicksel filed in our Court. Given the disposition of this appeal, all pending motions are denied.