**In re Jan MARASEK; Joan Byron–Marasek; The Marasek Trust, Petitioners.**

No. 13–3328.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Sept. 19, 2013.

Opinion filed: Sept. 24, 2013.

Jan Marasek, Clarksburg, NJ, pro se.

Joan Byron–Marasek, Clarksburg, NJ, pro se.

Before: AMBRO, SMITH and CHAGARES, Circuit Judges.

## OPINION

### PER CURIAM.

Jan Marasek and Joan Byron–Marasek ("the Maraseks"), husband and wife, have filed a petition for a writ of mandamus seeking review of Bankruptcy Court Judge Michael B. Kaplan's refusal to recuse himself from presiding over their Chapter 7

proceeding. For the reasons that follow, we will deny the petition.

In 2008, the Maraseks filed a voluntary petition for bankruptcy under Chapter 13 in the United States Bankruptcy Court for the District of New Jersey. Albert Russo, one of New Jersey's standing Chapter 13 trustees, was appointed to administer the case. Initially, the Bankruptcy Court confirmed a plan, which provided that the Maraseks would sell or refinance their property in Jackson, New Jersey, and use a portion of the proceeds to satisfy all allowed claims. After the Maraseks did not sell or refinance the property pursuant to the terms of the plan, the case was converted to a Chapter 7 bankruptcy, and Barry Frost was appointed trustee. Theodore Liscinski, Jr., later replaced Frost as trustee.

During the course of the protracted Chapter 7 proceedings—which are still ongoing—the Maraseks requested the recusal of Judge Kaplan. The Maraseks claimed that Judge Kaplan had a number of conflicts of interest based on his relationships with various individuals and businesses involved in the case. Following a hearing, Judge Kaplan denied relief, stating that "[t]here has been no evidence to suggest that there has been any relationship which has influenced or potentially influenc[ed] ... my judgment in this case."[1] The Maraseks then filed this petition for a writ of mandamus.

---

1. The Maraseks appealed that order, among others, to United States District Court for the District of New Jersey. To the extent that the Maraseks sought review of the denial of their recusal request, the District Court dismissed the appeal, noting that they failed to provide transcripts of the Bankruptcy Court proceedings. *Marasek v. Wilentz, Goldman & Spitzer,* D.N.J. Civ. No. 11–cv–3869 (transcript of court's opinion entered Apr. 8, 2013). The Maraseks appealed. We determined that we

lacked jurisdiction over the order denying the recusal motion because it was not final or immediately appealable to the District Court. *In re: Marasek,* C.A. No. 12–1234 (order entered July 3, 2013).

Although an order denying a recusal request may not be immediately appealable, *see City of Pittsburgh v. Simmons,* 729 F.2d 953, 954 (3d Cir.1984), it can be subject to mandamus review, *see In re Sch. Asbestos Litig.,* 977 F.2d 764, 777 (3d Cir.1992).

Mandamus relief is an extraordinary remedy, warranted only where the petitioner has demonstrated a "clear and indisputable" right to the writ. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). We have recognized that mandamus is an appropriate means to review the denial of a recusal motion brought pursuant to 28 U.S.C. § 455. *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir.1993). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, the judge must recuse under § 455(a). *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 & n. 12 (3d Cir.2004). We review a judge's refusal to recuse under 28 U.S.C. § 455 for abuse of discretion. *See In re Antar*, 71 F.3d 97, 101 (3d Cir.1995).

The Maraseks have not shown that they have a clear and indisputable right to the writ. Their primary grievance against Judge Kaplan is that he has a conflict of interest with Albert Russo, the standing Chapter 13 trustee who was previously appointed to the Maraseks' case. The Maraseks claim that Judge Kaplan and Russo were "colleague[s] and business associate[s]" when they simultaneously served as standing Chapter 13 trustees. But, according to Judge Kaplan's uncontested Certification that was filed in this Court, Russo succeeded him as a standing Chapter 13 trustee in 2006, when Judge Kaplan commenced his appointment as a bankruptcy judge. Indeed, Judge Kaplan clearly states that he has "never had a business relationship, however Petitioners wish to define same, with Mr. Russo." Furthermore, we note that Russo's role in the case ended when the matter was converted to a Chapter 7 bankruptcy. Therefore, it appears that the alleged conflict is no longer an issue.

The Maraseks also claim that Barry Frost and Theodore Liscinski, Jr.—the former and present trustees in their Chapter 7 proceeding—were members of the "Private Panel of Trustees" with Judge Kaplan and Russo. They have not, however, provided any evidence substantiating this alleged partnership, nor have they demonstrated that any sort of improper relationship exists among these individuals. For his part, Judge Kaplan states that while Russo, Frost, and Liscinski "also served on the panel of Chapter 7 trustees," "[a]t no time, in the past or present, have I ever been partners or business associates, in any capacity," with those individuals. In any event, Ford, like Russo, is no longer involved in the case.

The Maraseks further allege that Judge Kaplan holds a financial interest in a privately held entity that benefits from the fees generated in the bankruptcy cases over which he presides. This allegation is entirely unsupported. In addition, the Maraseks claim that Judge Kaplan has a conflict of interest with the attorney who represents one of their creditors, Anthony Coppola. According to the Maraseks, Attorney Coppola works at a law firm where Judge Kaplan was previously employed. Such a connection alone does not amount to grounds for recusal. We have thoroughly reviewed the remaining allegations in the mandamus petition and amended petition, and conclude that they provide no basis for holding that Judge Kaplan's denial of the recusal motion was improper.

For the foregoing reasons, we will deny the petition for a writ of mandamus.[2]

2. The Maraseks filed the petition on their behalf and on behalf of "The Marasek Trust."