BLD-020                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3511
_____

ANTONIO HENNIS,
                              Appellant

v.

DORINA VARNER, Chief Grievance Coordinator; PRINCIPAL MR. VANCE;
C.O. MS. SKILLINGS; SERGEANT MS. MACEYKO; HEARING EXAMINER
MR. MACKEY, Sued in their Official and Individual capacity; LIBRARIAN MR.
WEAVER; SUPERINTENDENT MR. JOSEPH MAZURKIEWICZ
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-00646)
Magistrate Judge:  Honorable Lisa Pupo Lenihan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 05, 2013)
_____

OPINION
_____

PER CURIAM

Antonio Hennis, proceeding pro se, appeals from the District Court's denial of his

motion for a preliminary injunction and his motion pursuant to Fed. R. Civ. P. 60(b).

1

Because his appeal does not present a substantial question, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2005, Hennis was convicted of being a felon in possession of a firearm and was sentenced to serve five to ten years' imprisonment in the Pennsylvania Department of Corrections. In March 2012, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in the Eastern District of Pennsylvania, which was denied. We declined to issue Hennis a certificate of appealability. See Hennis v. Mazurkiewicz, C.A. No. 13-2053 (order entered Sept. 3, 2013).

In May 2012, Hennis filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court, alleging that during his incarceration at SCI Greensburg, the defendants violated his right to access the courts by failing to provide adequate materials for preparing and filing legal documents.[1] Hennis also filed a motion for a preliminary injunction, seeking the return of legal material and the reinstatement of his job as a law clerk at SCI Greensburg's law library. According to Hennis, Officer Skillings had confiscated some of his legal work after inspecting a large folder belonging to him and finding that it contained his legal work as well as two other inmates' legal work and a library book that Hennis was not permitted to have. Following this incident, Hennis pleaded guilty to refusing to obey an order, theft, having the property of another, and lying to an employee.

---

[1] In his complaint, Hennis specifically argued that SCI Greensburg failed to provide a sufficient amount of typewriters, copies, and correction fluid. He also asserted that SCI Greensburg did not provide "user friendly research computers" and refused to hire inmates trained as paralegals to assist other inmates in preparing legal documents.

2

He received 30 days' cell restriction, resulting in the loss of his job as a law clerk. The defendants responded, asserting that Skillings had returned all of Hennis' legal work.

Subsequently, Hennis notified the District Court that he had been transferred to SCI Pine Grove, and the Magistrate Judge ordered him to show cause as to why his motion for a preliminary injunction should not be denied as moot given his transfer. Hennis responded, arguing that despite the defendants' assertion that his legal work was returned, some of the work that was confiscated actually belonged to him and that this confiscation violated his right to access the courts by interfering with his ability to litigate his § 2254 petition. The Magistrate Judge dismissed his motion as moot to the extent Hennis sought reinstatement of his prison job and denied it to the extent he sought the return of his legal material. Hennis filed a combined motion pursuant to Fed. R. Civ. P. 60(b) and motion for recusal, alleging that the Magistrate Judge engaged in ex parte communications with the defendants. The Magistrate Judge denied his motion. This appeal followed.[2] Hennis' action remains pending in the District Court.

## II.

We first address the scope of Hennis' appeal. Although Hennis' notice of appeal states that he is appealing from the Magistrate Judge's order denying his motion under Rule 60(b), a Rule 60(b) motion tolls the time to appeal from the underlying order as long as it is filed no later than 28 days after entry of the underlying order. See Fed. R. App. P. 4(a)(4)(A)(vi). Here, Hennis' Rule 60(b) motion was filed within 28 days of the

---

[2] The parties consented to having the Magistrate Judge preside over the case pursuant to 28 U.S.C. § 636(c)(1). We exercise jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

Magistrate Judge's order denying his motion for a preliminary injunction, and his notice of appeal was timely filed as to the order denying his Rule 60(b) motion. Accordingly, we have jurisdiction to review both the denial of his motion for a preliminary injunction and the denial of his Rule 60(b) motion. We may summarily affirm the District Court's orders on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As noted above, Hennis' Rule 60(b) motion was combined with a motion for recusal. To the extent he challenges the Magistrate Judge's denial of his motion for recusal, we lack jurisdiction. An order denying a motion to recuse is not a final order, and the collateral order doctrine does not apply to such a denial. City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984) (citing Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc)).

### III.

Our review of the record leads us to determine that the Magistrate Judge did not abuse her discretion in denying Hennis' motion for a preliminary injunction. See N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 385 (3d Cir. 2012). As an initial matter, we agree with the District Court that Hennis' request for injunctive relief for the loss of his prison job at SCI Greensburg became moot upon his transfer to SCI Pine Grove. We also agree that Hennis is not entitled to injunctive relief for the return of his legal work because he has not demonstrated "a reasonable probability of success on the merits" of his access to the courts claim. Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). To support his claim, Hennis alleged that without these materials, he

4

was unable to challenge a Magistrate Judge's failure to appropriately consider his miscarriage of justice claim in her Report and Recommendation suggesting that his § 2254 petition be denied. However, he did raise such a claim in his objections to the Report and Recommendation, two days prior to when his materials were allegedly confiscated. See Hennis v. Mazurkiewicz, E.D. Pa. Civ. No. 5:12-cv-1280. Furthermore, Hennis' claim that he could only include "bald assertions" in his request for a certificate of appealability without these materials is misplaced, as he was able to file a 30-page request containing substantive argument. See Hennis v. Mazurkiewicz, C.A. No. 13-2053. Accordingly, Hennis failed to demonstrate a reasonable probability of success on the merits of his claim of actual injury to his ability to present a nonfrivolous claim relating to his § 2254 petition. See Lewis v. Casey, 518 U.S. 343, 350, 355 (1996).

The Magistrate Judge also did not abuse her discretion in denying Hennis' Rule 60(b) motion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). In order to prevail on a Rule 60(b)(3) motion, the moving party "must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). Hennis' motion did not allege fraud or misconduct against the defendants; rather, he alleged misconduct on the part of the Magistrate Judge. Accordingly, he was not entitled to relief under Rule 60(b)(3).[3]

---

[3] Hennis also cited Fed. R. Civ. P. 59(e) in his motion. To the extent his motion can be considered as a motion for reconsideration, he was not entitled to relief, as he did not identify any of the grounds required for reconsideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

5

IV.

For the forgoing reasons, we will summarily affirm the District Court's orders.

<u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.