**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4438
_____

IN RE:  JOSE KATZ,
                                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Crim. No. 13-cr-00246-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 18, 2014
Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: March 4, 2015)
_____

OPINION[*]
_____

PER CURIAM

Jose Katz petitions for a writ of mandamus directing the District Court Judge to

recuse himself from Katz's post-judgment motions in his criminal proceedings.  For the

reasons below, we will deny the petition.

In April 2013, Katz pleaded guilty to one count of conspiracy to defraud health

care benefit programs and one count of presenting false, fictitious and fraudulent claims

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

to the Social Security Administration.  On November 20, 2013, he was sentenced to 78 months in prison.  On November 13, 2014, he filed a motion pursuant to 28 U.S.C. § 2255 and a motion for recusal pursuant to 28 U.S.C. § 144.  That same day, he filed his mandamus petition in this Court.  The § 2255 motion and the motion for recusal are still pending in the District Court.

The writ of mandamus will issue only in extraordinary circumstances.  See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought.  Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976).  A writ is not a substitute for an appeal.  See In Re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Katz filed his motion to recuse pursuant to 28 U.S.C. § 144.  As a general rule, mandamus will not lie to review the denial of a recusal motion filed under 28 U.S.C. § 144.  In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992); City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d. Cir. 1984); Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc).  Moreover, the District Court has not yet acted on the motion.

Mandamus is available to review a District Court's refusal to recuse pursuant to 28 U.S.C. § 455(a).  Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).  Under 28 U.S.C. § 455, a judge should recuse if his impartiality might reasonably be questioned or he has a personal bias.  Even if we liberally construe Katz's recusal motion as arising under § 455, there is nothing for us to review while the motion is pending.  See also In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003) ("Clearly [the

2

mandamus] standard cannot be met where a motion seeking the district judge's disqualification-the same relief sought in the mandamus petitions-is pending in the district court.")

To the extent that Katz is requesting that we order the District Court to act on the motion to recuse, he has not shown a clear and indisputable right to have his motion acted on so quickly. As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Katz filed his recusal motion in November 2014. The brief period of time since then does not rise to the level of a failure to exercise jurisdiction.

Katz also requests that we equitably toll the statute of limitations for his § 2255 motion. We decline to decide whether any equitable tolling is appropriate and leave that issue to the District Court in the first instance.

For the above reasons, the petition for a writ of mandamus is denied.

3