**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2967
_____

MARK S. FRAZIER,
                                    Appellant

v.

CITY OF PHILADELPHIA; STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03741)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2018
Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: June 7, 2018)
_____

OPINION[*]
_____

PER CURIAM

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark S. Frazier appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his complaint without leave to amend. We will affirm the District Court's judgment.[1]

Frazier's complaint was brought against the City of Philadelphia and the State of Pennsylvania. Frazier's complaint alleged that he had been receiving mail "for the past few years" at the address of the Broad Street Ministries, and alleged "intentional mail fraud" because he did not receive a March 31, 2017 District Court order in a previous case, E.D. Pa. Civ. No. 16-cv-05856 ("the 2016 case"). The docket in the 2016 case reflects that the March 31 order addressed to Frazier was returned by the U.S. Postal Service and marked "unable to forward." Frazier's complaint alleged that as a result he was unable to timely appeal the decision in the 2016 case.

The District Court here generously construed Frazier's complaint as alleging a claim to denial of access to the courts under 42 U.S.C. § 1983. But we agree with the District Court's reasoning that Frazier's complaint failed to state a claim upon which relief could be granted.[2]

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of the complaint as frivolous, see Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990), or for failure to state a claim, see AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006). We may affirm for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

[2] The District Court properly determined that the Commonwealth of Pennsylvania was not subject to suit under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); that Frazier had not alleged that the City violated a municipal policy or custom that infringed on his rights, see Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691

We also agree that the underlying premise of Frazier's complaint "borders on being factually baseless." First, the March 31 order in the 2016 case was simply an order reassigning the case to a different District Court judge, which was not a final or immediately appealable order. Cf. City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984) (order denying motion to recuse is not immediately appealable). Thus, Frazier was not harmed if he failed to timely receive it. Second, there is no indication on the docket that the *appealable* order, entered April 4, 2017,[3] was returned by the Post Office as undeliverable.

However, even assuming that Frazier did not receive the April 4 order in the 2016 case, any such failure would not provide a basis for the federal complaint here. Frazier's allegation that his failure to receive the order from the 2016 case must have been caused by mail fraud is simply not plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). It seems nearly certain that Frazier's failure to receive the order was due to

---

(1978); that Frazier could have filed a motion in the 2016 case to reopen the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure instead of filing a lawsuit; and that there was no underlying merit to any appeal that Frazier was prevented from filing, see Christopher v. Harbury, 536 U.S. 403, 415 (2002).

[3] That order, among other things, denied Frazier's motion to reopen the proceeding. Frazier's complaint in the 2016 case had been dismissed because despite being prompted, he had failed to provide sufficient financial information to allow the District Court to decide whether he was eligible for in forma pauperis status.

the District Court's use of the address that Frazier provided on his 2016 complaint and its civil cover sheet, as opposed to a mailing address that Frazier has used in other cases. And because we can conceive of no defendant who would plausibly be liable for Frazier's failure to receive the order, we further agree that allowing the opportunity to amend the complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (leave to amend unnecessary if amendment would be futile).

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

[4] Frazier's Motion to Compel Recusal of District Court Judge is denied. Frazier appears to argue that the District Court failed to consider the merits of his underlying complaints regarding copyright and intellectual property. But the District Court could not reach the merits in the 2016 case because Frazier failed to comply with fee obligations, and the intellectual property claims were not at issue in the current case. We discern no bias on the part of the District Court at all, and certainly no plain error. See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166-67 (3d Cir. 2004) (if failure to recuse is raised for the first time on appeal, review is for plain error).