**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-2473 & 20-2704
_____

KATHLEEN MCCULLOUGH,
Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
THE HONORABLE PHILIP A. IGNELZI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-00737)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and on Appellees' Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2020
Before:  RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 15, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Kathleen McCullough, proceeding pro se, filed a civil rights complaint against the Pennsylvania Board of Probation and Parole and Judge Ignelzi of the Allegheny County Court of Common Pleas. McCullough made various allegations of bias and corruption against a wide array of both federal and state actors throughout the lengthy complaint. She protested the manner in which her criminal case was handled, complaining of biased judges, unsigned search warrants, perjured statements, and fraudulent and inaccurate records. McCullough alleged that Judge Ignelzi (who apparently presided over her PCRA hearing) sentenced her to prison on "zero charges." She maintained that she has a fraught relationship with her sister-in-law, who is a judge in Pennsylvania, and that Judge Ignelzi is biased against her because of that. She requested a protective order against Judge Ignelzi and asked that the Board of Probation and Parole "retain jurisdiction over her."

McCullough filed a motion requesting that the case be transferred to another venue and that the District Judge recuse herself. The District Court denied the motion and McCullough appealed.[1] While that appeal was pending, the District Court screened the

---

[1] We will dismiss McCullough's first appeal (No. 20-2473) for lack of jurisdiction. Generally, this Court's jurisdiction is limited to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. Neither the denial of the transfer motion nor the refusal to recuse constituted a final or immediately appealable decision. See United States v. Berkowitz, 328 F.2d 358, 360 (3d Cir. 1964) ("[B]ecause [orders either granting or denying a motion to transfer] are interlocutory in character, they are not appealable as 'final decisions' under 28 U.S.C. § 1291."); City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984) ("A refusal to recuse is reviewable only after final judgment."). As discussed below, however, McCullough filed a second notice of appeal following entry of final judgment, giving us jurisdiction to review those orders in the context of that appeal.

2

complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it, concluding that the defendants were immune from suit. McCullough timely appealed and her appeals were consolidated; the Appellees have filed motions for summary action.[2]

We have jurisdiction under 28 U.S.C. § 1291 (in the context of No. 20-2704) to review the District Court's dismissal of the complaint and interlocutory denial of McCullough's motion to transfer. See In re Westinghouse Sec. Litig., 90 F.3d 696, 706 (3d Cir. 1996) ("[P]rior interlocutory orders . . . may be reviewed on appeal from the final order."). We review the dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and the denial of the motion for transfer (as well as the District Judge's refusal to recuse) for abuse of discretion, see N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (motion to transfer); City of Pittsburgh v. Simmons, 729 F.2d 953, 954 (3d Cir. 1984) (refusal to recuse).

The District Court correctly dismissed both defendants as they are immune from § 1983 suits. Judge Ignelzi, who acted within his judicial capacity at all relevant times, is protected by absolute judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). And, under the Eleventh Amendment, states and state agencies (including the

---

[2] Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Here, however, the District Court maintained jurisdiction to dismiss the case despite McCullough's filing of her first notice of appeal because the jurisdiction of a district court is not lost by the taking of an appeal from an order or judgment which is not immediately appealable. Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985).

Pennsylvania Board of Probation and Parole) are generally immune from suit in federal court. Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195-96 (3d Cir. 2000). While the Eleventh Amendment does not bar suits that seek prospective injunctive relief to prevent a continuing violation of federal law, see Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002), McCullough has not alleged a continuing violation of federal law in her complaint, nor do we discern any based on her filings.

The District Court did not abuse its discretion by denying McCullough's motion for transfer and refusing to recuse. Venue was proper in the Western District of Pennsylvania, and McCullough's allegations of bias against numerous judges that are not involved with this case provide no legitimate reason for transfer. Judge Bissoon's refusal to recuse was appropriate because the alleged bias was based on Judge Bissoon's ruling in a separate case. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Accordingly, we grant the Appellees' motions for summary action, and we will affirm the judgment of the District Court.[3]

---

[3] McCullough's Motion to Compel Production of Transcripts is denied.